LABORDE, Judge.
Sallie H. Johnson, intervenor-appellant has appealed devolutively from a judgment in favor of City Finance Company of Alexandria, Inc. For the reasons which follow, we affirm the decision of the trial court.
On April 30, 1981, plaintiff obtained a judgment against Joseph Johnson, appellant’s husband, and on May 15, 1981, plaintiff caused a writ of fieri facias to issue and described intervenor’s 1974 Grand Prix automobile to be seized and sold at Marshal Sale. The Marshal’s Sale of the seized property was scheduled for June 10, 1981, at 10:00 a.m.
On June 8,1981, appellant filed a “Motion to Intervene And Rule To Show Cause” alleging that the automobile seized was her separate property which she acquired as a gift and donation from her son.
Attached to the Motion to Intervene And Rule to Show Cause was an order prepared by appellant’s attorney which was signed by the City Judge. The order provided:
ORDER
“Let Sallie H. Johnson be granted leave to intervene in this matter and let the plaintiff, City Finance of Alexandria, Inc. and C. Otis Penny, Marshal of City of Alexandria show cause on the 9th day of June, 1981 at 11:00 A.M. why the above described property should be ordered seized and sold on June 10, 1981 at 10:00 A.M. Alexandria, Louisiana, this 8 day of June, 1981.
s/ George M. Foote Judge”
On June 9, 1981, a hearing was held pursuant to appellant’s rule to show cause. A *1190 minute entry dated June 9, 1981, reads as follows: “Hearing was held this day at 11:00 A.M. In conclusion of hearing, judgment denying injunction and permitting the sale of property.” [1] The Marshal’s Sale was held on June 10, 1981.
The formal judgment was rendered in open court on June 9, 1981. The judgment ordered in part:
“... that there be judgment in favor of plaintiff, CITY FINANCE OF ALEXANDRIA, INC. and against the Intervenor, SALLIE H. JOHNSON. All costs of the proceeding are accessed [sic] to the Inter-venor.
... that the writ of fieri facias issued herein be maintained and that the said property be sold according to law and that this judgment be paid from the proceeds of the sale.
Judgment rendered in Open Court on June 9,1981 and signed in Open Court at Alexandria, Rapides Parish, Louisiana, on this 27 day of August, 1981.”
Although the judgment was rendered June 9,1981, it was not signed until August 27, 1981. The motion for devolutive appeal was filed by appellant on August 27, 1981.
Since the trial judge did not favor us with written reasons for judgment, we assume he based his decision on the provisions of LSA-C.C.P. art. 1092 which provides, in part:
“A third person claiming ownership of, or a mortgage or privilege on, property seized may assert his claim by intervention. If the third person asserts ownership of the seized property, the intervention may be filed at any time prior to the judicial sale of the seized property, and the court may grant him injunctive relief to prevent such sale before an adjudication of his claim of ownership.”
Under the above quoted article, the trial court permitted the intervention and after hearing appellant’s assertions of ownership, denied injunctive relief. The sale took place as scheduled the following day. Clearly the trial judge acted within his discretion under LSA-C.C.P. art. 1092. We find no error in the trial court’s decision.
The only further action taken by appellant was a motion to appeal devolu-tively filed on August 27, 1981.
In any event, we additionally note that since the trial judge denied appellant’s request for injunctive relief on June 9, 1981, and since the Marshal’s Sale was held on June 10, 1981, we know of no order or judgment this court could render which would grant appellant the relief she seeks or undo that which has already been done. All issues presented on appeal are now moot.
For the reasons assigned, the appeal herein taken is dismissed. All costs of this appeal are assessed against the intervenor-appellant, Sallie H. Johnson.
APPEAL DISMISSED.

. The trial court erroneously referred to appellant’s motion as an injunction when in fact no language pertaining to an injunction or arrest of sale appears in the Motion to Intervene and Rule to Show Cause.