CULPEPPER, Judge.
The plaintiff, Stannard Broadcasting Company, Inc., is the owner and operator of radio station KVVP, located in Leesville, Louisiana. It filed this suit against the Vernon Parish School Board and radio station KLLA in Leesville to annul the action of the school board in naming KLLA the official broadcaster for Leesville High School football games during the 1981-1982 season, and further to enjoin station KLLA from using the room on the north end of the press box at the school stadium. From a judgment dismissing its suit, plaintiff appeals.
On appeal, plaintiff states there are three issues: (1) Does a school board have the authority to name an “official broadcaster for high school football games?” (2) If they do have this authority, should the Vernon Parish School Board have been estopped from taking such action which would go *592 into effect for the 1981-1982 school year? (3) Did the actions of the school board in instructing the superintendent to notify the principal with regard to the use of the official press room violate the Louisiana Open Meetings Law?
The general facts are that plaintiffs radio station had been broadcasting the Lees-ville High School football games since about 1977 and had been using the booth on the north end of the press box. In June of 1981, plaintiff followed its previous procedure of obtaining written permission from the principal of the Leesville High School to broadcast for the 1981-1982 season. However, at a regular meeting held on August 6, 1981, the Vernon Parish School Board passed a motion naming station KLLA as the official broadcaster for Leesville High School football games, but without denying the right of other stations to broadcast, and providing further that the official broadcaster would be named on a yearly basis. No mention was made in the motion that station KLLA would have the right to use the booth on the north end of the press box, but after the meeting adjourned the superintendent of schools asked the school board members whether the “official broadcaster” would have the right to use that booth, and the school board members said “yes.” This action after the meeting is the basis of plaintiff’s contention that the designation of the use of the booth in the press box violated the Louisiana Open Meetings Law, LSA-R.S. 42:4.1 through 42:8.
Following the meeting, the superintendent of schools wrote a letter to the high school principal advising that the school board had named station KLLA as the official broadcaster for the 1981-82 season, and that KLLA was entitled to use the broadcast booth on the north end of the press box, which had previously been used by the plaintiff, and that other radio stations could use other booths.
In its brief filed in this court, plaintiff concedes this appeal may now be moot, since the 1981-82 football season has been completed. However, plaintiff requests that we decide the issues raised above.
An established rule in Louisiana jurisprudence is that courts will not rule upon questions which have become moot. A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief. Robin v. Concerned Citizens, St. Bernard, Inc., 384 So.2d 405 (La.1980). In the present case the plaintiff seeks to annul the action of the school board in naming radio KLLA as the official broadcaster and allowing it to use a designated press booth at the football stadium for the 1981-1982 football season. As plaintiff admits in its brief, the 1981-82 season is now complete. No judgment which we could render could give the plaintiff the relief which it seeks. Accordingly, this case is now moot.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.