CUTRER, Judge.
Stanley Messer, as curator of the interdict, Albert Harris, Sr., sought a partition of the community which had existed between Albert and his wife, Ezola Sonnier Harris. The trial court ordered a partition by licitation. Mrs. Harris has appealed.
FACTS
On October 20, 1981, Albert Harris, Sr., was interdicted and his son-in-law, Stanley Messer, was made his curator. At that time, and at all times during this lawsuit, Albert Harris, Sr., was married to Ezola Sonnier Harris. After Mr. Harris’ interdiction, Mrs. Harris, acting with a formal power of attorney from her husband executed January 9, 1981, continued to run businesses and manage rental properties which had been acquired during their marriage.
On November 5, 1981, Messer filed a petition seeking a separation of property and a dissolution of the community of ac-quets and gains then existing between the Harrises; Messer also sought an accounting of the community property and an injunction preventing Mrs. Harris from alienating any community property. Mrs. Harris answered the petition. She also filed a reconventional demand seeking payment of three promissory notes issued to her by Mr. Harris. The trial judge, on October 21, 1982, signed a “Consent Judgment for Separation of Property.”
In this judgment the trial judge declared Mr. and Mrs. Harris to be under a separate property regime. The parties, Messer and Mrs. Harris, were ordered to attempt to amicably partition, within thirty days, the property involved. This property consisted of the family home, eight tracts of land, and certain movables. The trial judge indicated that, if the parties were making good faith efforts but were nevertheless unable to agree during the thirty days, a thirty day extension would be considered. Otherwise, the trial judge stated that he would order a partition by licitation.
On December 3, 1982, the parties being unable to agree on a division of the property, Messer filed a “Petition to Partition by Licitation.” [1] Mrs. Harris answered the petition; in a reconventional demand she asked that the trial court divide the property in kind and that she be awarded payment of the promissory notes mentioned earlier.
A hearing on this matter was held on January 25, 1983. After that hearing the trial judge ordered all of the property of Mr. and Mrs. Harris’ former community sold at a public sale to effect a partition by licitation. The trial judge also found the promissory notes held by Mrs. Harris were not collectable as they had prescribed.[2]
Mrs. Harris has brought the instant appeal specifying as error: (1) the trial judge’s failure to award her the amount of the promissory notes plus interest; and (2) the trial judge’s ordering the sale of all properties to effect a partition by licitation.
THE PROMISSORY NOTES
Concerning the promissory notes, each of which were issued in 1963, the trial judge found that prescription had run. A review of the record reveals no evidence of Mr. Harris acknowledging the debts after prescription had run or any evidence to indicate the tolling of prescription. The trial judge’s ruling, in this respect, is correct and will be affirmed. See: LSA-C.C. art. 3540 and art. 3544; LSA-R.S. 10:3-108.
PARTITION
Mrs. Harris has challenged, on appeal, the trial judge’s order that the property of the former community be sold to effect a partition by licitation. Her motion for a devolutive appeal was dated February 3, 1983. At oral argument the panel *1286 was informed that, pursuant to the trial judge’s order, a sheriffs sale had taken place and all of the property in dispute had been sold. There is no dispute about whether the sale took place.[3] The fact that the sale has occurred renders moot Mrs. Harris’ appeal on that issue. Under these circumstances, the jurisprudence is established that the appeal of this issue is subject to dismissal.
As was stated by this court in City Finance Co., Etc. v. Johnson, 410 So.2d 1189 (La.App. 3rd Cir.1982), in a case involving a devolutive appeal from a trial court’s denial of injunctive relief to stop a marshall’s sale “we know of no order or judgment this court could render which would grant appellant the relief she seeks or undo that which has already been done.”
For the reasons stated above the trial court’s judgment is affirmed insofar as the dismissal of the claim on the promissory notes is concerned; that portion of the appeal dealing with the partition of the property is dismissed for mootness. Defendant-appellant herein shall be charged with all costs of this appeal.
AFFIRMED IN PART; DISMISSED IN PART.

. This petition was placed in the suit record which was opened for plaintiffs November 5, 1981 petition. This was not a new suit.

. The trial judge repeated his earlier judgment for support in the amount of $1,500.00 in favor of Messer. The trial judge also ruled on two other claims raised by the parties; these rulings were not challenged on appeal and need not be discussed further.

. Mrs. Harris’ attorney conceded the sale had taken place but argued this court should decide certain questions dealing with debts of the community. That question is not before us.