KNOLL, Judge.

MOTION TO DISMISS

The plaintiff-appellee, Kenneth Paul Quirk, moves to dismiss the appeal of defendant-appellant, Teresa Ann Quirk, on the grounds that a subsequent judgment of divorce with its incident custody provisions has rendered this appeal moot.
*80 Kenneth and Teresa Quirk were married on March 22, 1982. Heather Quirk was born of the marriage on December 6, 1982. On September 11, 1986, plaintiff filed suit seeking a legal separation, custody of the minor child and the right to occupy the family home pending the partition of the community property. A hearing was held on December 8, 1986. The trial court rendered judgment on January 22, 1987, awarding joint custody of the minor child to the parents and designating the father as domiciliary parent. The judgment also awarded the use and occupancy of the family home to the father. The mother appealed the judgment as to the award of custody and use and occupancy of the family home.
On April 14, 1988, plaintiff-appellee filed a Motion to Dismiss Appeal for Mootness. The attached exhibits revealed that a judgment of divorce was signed on March 29, 1988, together with a modification of the custody award. The relator argues that the rendition of the subsequent judgment of custody supersedes the judgment appealed, rendering defendant’s appeal moot. We agree, however, the issue of use and occupancy of the family home is still viable.
Appellate court may, on its own motion or on application of any party, order the dismissal of a suit where all the issues presented have become moot, where there no longer exists any controversy between the parties. State v. Pitre, 209 So.2d 764 (La.App. 3rd Cir.1968). A subsequent custody decree changing or modifying a prior award, supersedes the original award of custody. Davis v. Davis, 494 So.2d 1315 (La.App. 2nd Cir.1986); and Fountain v. Fountain, 365 So.2d 1139 (La.App. 3rd Cir.1978).
Appellant’s brief mainly concerns the following issues: 1) whether the trial court erred in failing to adopt the Joint Custody Plan of Teresa Quirk and in awarding the physical custody of the minor child to the father; and, 2) whether the trial court erred in ordering Teresa Quirk to vacate the family home.
It is clear that all the issues on appeal concerning the custody order of January 22, 1987, have become moot by the subsequent Joint Custody judgment, since that judgment superseded the judgment appealed from by appellant. Therefore, defendant’s appeal should be dismissed as to these issues.
However, the issue as to whether the trial court erred in ordering appellant to vacate the family home was not rendered moot by the subsequent custody award. The original judgment granted the father use and occupancy of the family home pending a partition of the community of acquets and gains. The record does not reveal that the community has been partitioned by the parties. Therefore, the issue of the use and occupancy of the family home is still before this court.
For these reasons, the motion to dismiss defendant’s appeal for mootness is granted in part as to the issues relating to the custody order of January 22, 1987; however his motion is denied in part as to the issue relating to the trial court’s order granting Kenneth Quirk use and occupancy of the family home.
MOTION GRANTED IN PART AND DENIED IN PART.