LABORDE, Judge.
Defendants-appellants, Marion E. and Sarah Watson Merriman, Linda Peavy Phillips, Katy Peavy Beasley, Victor R. Danko, Jr., Cinday D. Rashall, Deane J. Danko, Cheryl D. Johnson, Cathlene Danko, and Paula K. Danko, appeal a district court *719 ruling ordering a partition by licitation of a 60 acre tract of real estate located in Vernon parish in favor of plaintiff-appellee, Carl Glen Cooley with whom defendants-appellants own the property as co-owners in indivisión. Defendants-appellants contend the trial court erred in granting a partition by licitation in that a partition in kind is possible and favored by Louisiana law. Plaintiff-appellee seeks to have this appeal declared moot since the property has already been sold at judicial sale with the proceeds being distributed among each co-owner in indivisión in proportion to their share of ownership in the property. Alternatively, plaintiff seeks an affirmation of the trial court’s ruling. We grant plaintiff-appellee’s motion to dismiss this appeal because the issue which forms the subject of this appeal is moot.
FACTS
This litigation involves a 60 acre tract of real estate located in Vernon Parish owned in indivisión among plaintiff-appellee, Carl Glen Cooley, and defendants-appellants, Marion E. and Sarah Watson Merriman, Linda Peavy Phillips, Katy Peavy Beasley, Victor R. Danko, Jr., Cinday D. Rashall, Deane J. Danko, Cheryl D. Johnson, Cath-lene Danko, and Paula K. Danko. This land was initially purchased by Jay Peavy, Sr. and his first wife, Delia Williams Peavy, on May 5, 1951. Jay and Delia Peavy had four children. Katy Peavy Dillon, Jay Lynn Peavy, Linda Peavy Watson, and Betty Peavy Stephenson. Delia Peavy also had two children from a prior marriage, Dorothy Smith Danko and Joyce Smith Vanadore. Plaintiff-appellee, Glen Cooley, acquired his interest in the property from Jay Lynn Peavy and Betty Peavy Stephenson, heirs of Jay and Delia Peavy, as well as from Joyce Smith Vanadore. Defendants-appellants, Marion E. and Sarah Watson Merriman purchased their interest in the property following Jay Peavy’s death from his second wife, Lola Mae Peavy. Defendants-appellants Linda Peavy Watson and Katy Peavy Dillon each inherited their interest in the property upon the death of their parents, Jay and Delia. Defendants-appellants, Victor R. Danko, Jr., Cinday D. Rashall, Deane J. Danko, Cheryl D. Johnson, Cathlene Danko, and Paula K. Danko (the Danko heirs) each inherited an interest in the property following the death of Dorothy Smith Danko.
Plaintiff-appellee owns a %2 interest in the 60 acre tract. The Merriman’s, Linda Peavy Phillips, and Katy Peavy Phillips each own Ve interest in the 60 acre tract, while the Danko heirs each own a Vra interest in this property. Plaintiff-appellee petitioned the district court for a partition by licitation. Defendants-appellants contended a partition in kind was not only possible but also favored under Louisiana law. The trial court ruled in favor of plaintiff-appel-lee and ordered a partition by licitation. A judicial sale took place on May 16,1990 and the proceeds were distributed to each former co-owner in indivisión in accordance with their respective proportions of ownership in the 60 acre tract. The parties stipulated to these proportions at trial.
ISSUE ON APPEAL
Since the parties stipulated to each respective owner’s proportion of ownership at trial, the only issue submitted for appeal is whether the trial court erred in ordering a partition by licitation. After the trial court rendered judgment ordering a partition by licitation, a judicial sale took place on May 16, 1990 with the proceeds being distributed to each owner in accordance with his proportion of ownership. All parties consented to the distribution of the proceeds. As a result, plaintiff-appellee now moves to have this court dismiss this appeal on the grounds that it is moot.
It is well settled that courts will not decide a case which presents a moot issue or render advisory opinions. St. Charles Parish School Board v. GAF Corporation, 512 So.2d 1165 (La.1987) on rehearing. A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief. Robin v. Concerned Citizens for Better Education in St. Bernard, Inc., 384 So.2d 405 (La.1980); Stannard Broadcasting Company, Inc. v. Vernon Parish School Board 422 So.2d 591 (La.App. 3d Cir.1982). If a case is *720 moot, there is no subject matter on which the judgment of the court can operate. St. Charles Parish School Board v. GAF Corporation, supra. In the instant case, the property at issue has been sold at judicial sale in accordance with the trial court’s judgment ordering a partition by licitation. Louisiana law is settled that a judgment ordering a sale to effect a partition is exec-utory after the expiration of the delay for a suspensive appeal, and all power to prevent the execution of the judgment is lost. Pettingill v. Hills, 199 La. 557, 6 So.2d 660 (1942).
Defendants-appellants perfected a devolutive appeal. Therefore, the trial court judgment ordering a partition by lici-tation was executory upon the expiration of the suspensive appeal delays. When the sale was actually consummated pursuant to the judgment, such sale was valid and defendants-appellants only rights are relegated to the proceeds of the sale. Fluker Farms v. James, 226 La. 303, 76 So.2d 311 (1954). The record indicates that the proceeds were distributed in accordance with the consent of all involved parties. As defendants-appellants acquiesced in the distribution of the proceeds, and have actually received the proceeds there is no longer a justiciable controversy before this court. Therefore, the issue which forms the subject of this appeal is moot. An appellate court may on its own motion or on application of any party order dismissal of a suit when issues presented have become moot; where there no longer exists any controversy between the parties. Quirk v. Quirk, 527 So.2d 79 (La.App. 3d Cir.1988).
DECREE
Since the defendants-appellants have not presented an issue to this court which could afford them any relief, plaintiff-ap-pellee’s motion to dismiss this appeal for mootness is granted. All costs of this appeal are assessed to the defendants-appellants.
APPEAL DISMISSED.