# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1496 consolidated with 04-1174 & 04-1175

## CITY OF NEW IBERIA, and THE IBERIA PARISH LAW ENFORCEMENT DISTRICT

## VERSUS

## NEW IBERIA FIRE AND POLICE CIVIL SERVICE BOARD

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 103474
HONORABLE EDWARD M. LEONARD, JR., DISTRICT JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and J. David Painter, Judges.

**AFFIRMED.**

**Charles L. Patin, Jr.**
**P.O. Box 3513**
**Baton Rouge, LA 70582**
**Counsel for Plaintiff-Appellee**
      **City of New Iberia, and the Iberia Parish Law Enforcement District**

**Gilbert R. Buras, Jr.**
**365 Canal St., Suite 2800**
**One Canal Place**
**New Orleans, LA 70130**
**Counsel for Defendant-Appellant**
      **New Iberia Fire and Police Civil Service Board**

**PAINTER, Judge**.

The Defendant, the New Iberia Fire and Police Civil Service Board (the Board) appeals the trial court's judgment granting a permanent injunction prohibiting it from hearing the merits of thirty-nine appeals filed by the former police and communication civil service employees of the New Iberia Police Department (the Department). We affirm.

As we stated in the companion case hereto, *Wood v. Fontenot*, 04-1174 (La.App. 3 Cir. __/__/05), ___ So.2d ___:

> On June 8, 2004, the New Iberia City Council Board of Trustees approved the Cooperative Endeavor Agreement for Law Enforcement Services (the Agreement). The Agreement provided for a ten year, $29.5 million dollar contract with the District, whereby the District would take over the duties of the Department. At the same time, the City's budget was amended to eliminate all but ten of eighty-three city police department positions.

In 2004, a number of police department employees sued to enjoin the City of New Iberia, Mayor Ruth Fontenot, and the New Iberia City Counsel "from applying/implementing/enforcing the unnumbered ordinance" approving the Agreement. A temporary restraining order preventing the Agreement from taking effect was issued by the trial court.

After a hearing, the trial court entered a judgment denying the Plaintiffs' applications for preliminary injunctions. This court has rendered judgment dismissing those appeals as moot.

In July 2004, thirty-nine former employees of the Department appealed their termination to the Board. In August 2004, the City of New Iberia and the Iberia Parish Law Enforcement District (the City), filed a petition to enjoin the Board from acting on those appeals and for declaratory judgment. The parties stipulated that the

1

matter would be taken up as a permanent rather than a preliminary injunction. After a hearing, the trial court granted the Board's Exception of No Right of Action and dismissed the Iberia Parish Law Enforcement District from the suit. The court granted a permanent injunction prohibiting the Board from hearing the appeals and cast them with costs. The Board appeals.

The Board first asserts that the District Court had no authority to enjoin it from hearing the appeals by the thirty-nine former New Iberia Police Department employees because it is entitled to review the Agreement in that it involuntarily displaces civil servants from their positions. The Board further cites *Civil Service Com'n of City of New Orleans v. City of New Orleans*, 02-1812 (La. 9/9/03),854 So.2d 322, asserting that the supreme court therein affirmed the authority of civil service boards to review contracts that affect civil service employees. The supreme court, in that case did state that: "In order to exercise its authority to protect the civil service under the Constitution, we find that the Commission has the right to review all contracts that directly affect civil service employees within a reasonable period of time, prior to the contract's implementation." *Id*. at 335. However, that ruling was based on the court's recognition that the City's Civil Service Commission had exercised its authority under the La. Const. Art. X, Part I, §10(A)(1) to make rules and had adopted a rule requiring that any contract for the privatization of a government function not become binding until approved by the Commission. In the case *sub judice*, there is nothing before this court which indicates that the Board has adopted a similar rule. Further, the court in the *New Orleans* case found that even where such a rule had been adopted:

> [I]n conducting its review, the Commission has no constitutional authority to determine whether a service should or could be provided

2

within the classified system, whether a contract is in the best interests of the City, or to second guess whether the fiscal restraints presented by the City justify privatization. Rule III goes much too far in this regard.

. . . .

> If, . . . the Commission finds that no civil servants will be involuntarily displaced from the civil service, or, if they will, that the contract was entered into for reasons of efficiency and economy and not for politically motivated reasons as to the civil servants, it should approve the contract.

The Board further cites La.R.S. 33:2477, as providing authority for it to review the Agreement. That statute provides, in pertinent part, that:

The Board shall:

. . . .

> (4) Make, at the direction of the mayor, commissioner of public safety, chief of either the fire or police department, or upon the written petition of any citizen for just cause, or upon its own motion, any investigation concerning the administration of personnel or the compliance with the provisions of this Part in the said municipal fire and police services; review, and modify or set aside upon its own motion, any of its actions; take any other action which it determines to be desirable or necessary in the public interest, or to carry out effectively the provisions and purposes of this Part.

> (5) Conduct investigations and pass upon complaints by or against any officer or employee in the classified service for the purpose of demotion, reduction in position or abolition thereof, suspension or dismissal of the officer or employee, in accordance with the provisions of this Part.

However, that authority is limited by La.R.S. 33:2501 which provides in part that:

> A. Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.

The fourth circuit in *City of Kenner v. Wool*, 320 So.2d 245, 248 (La.App. 4

3

Cir. 1975), found that:

> LSA-R.S. 33:2477(4), (5) is a statute which is general in its terms and sets forth, in broad language, the duties of the board or commission, whereas LSA-R.S. 33:2501 sets forth the specific scope of review of the Commission when an employee in classified service appeals the decision of an appointing authority. When a court is confronted with the application of a general statute or a specific one, the general law must yield to the specific.

We find nothing in the statutory scheme which would give the Board the authority to review the Agreement. As the supreme court stated in *Civil Service Com'n of City of New Orleans,* 854 So.2d at 326:

> [T]he City has the unrestricted authority to lay off civil servants for budgetary reasons, with the Commission playing only a ministerial role in administering the layoffs in accordance with certain constitutionally based preferences for civil servants who are veterans. La. Const. Art. X, Part I, § 10(A)(3).
>
> In considering the City's authority, it is well settled that the state's political branches retain plenary authority to do all things not expressly forbidden by the Constitution. *Louisiana Dep't of Agric. & Forestry v. Sumrall,* 98-1587 (La.3/2/99), 728 So.2d 1254, 1259.

Further, La.R.S. 33:2501(A) limits the authority of the Board to the review of only those cases where a classified employee "has been discharged or subjected to any corrective or disciplinary action without just cause." This language does not give the Board authority to review the City's decision to lay off employees for budgetary reasons. Additionally, the appeals contain no allegation of any violation of the constitutionally based preference system. Therefore, we agree with the District Court that the Board was without authority to hear the appeals of the thirty-nine former New Iberia Police Department employees. Accordingly we find no error in the issuance of a permanent injunction in this matter.

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the Appellant, the New Iberia Fire and Police Civil Service Board.

AFFIRMED.

4