STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1174 consolidated with 04-1175 & 04-1496

CAPTAIN WILLIAM WOOD and NEW IBERIA POLICEMAN'S
ASSOCIATION, LOCAL 152

VERSUS

RUTH FONTENOT, MAYOR, CITY OF NEW IBERIA and NEW IBERIA
CITY COUNCIL

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 103068-H C/W 103179-H
HONORABLE WILLIAM D. HUNTER, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and J. David Painter,
Judges.

MOTION TO DISMISS APPEALS GRANTED; APPEALS DISMISSED.

Daniel Laraway Avant
P.O. Box 2667
Baton Rouge, LA 70821
Counsel for Plaintiffs-Appellants
    Captain William Wood and New Iberia Policeman's Association, Local
    152

Henry Adolph Bernard, Jr.
100 E. Vermilion St., #400
Lafayette, LA 70501
Counsel for Defendant-Appellee
    Iberia Parish Law Enforcement

Joseph L. Ferguson
124 W. Washington St., Ste. B
New Iberia, LA 70560
Counsel for Defendant-Appellee
    Iberia Parish Law Enforcement

**Charles Leonard Patin, Jr.**
**P.O. Box 3513**
**Baton Rouge, LA 70821**
**Counsel for Defendants-Appellees**
   **City of New Iberia, Ruth Fontenot, Mayor, and New Iberia City**
   **Council**

**Louis L. Robein, Jr.**
**Suite 400**
**2540 Severn Avenue**
**Metairie, LA 70002**
**Counsel for Defendant-Appellee**
   **Professional Firefighters' Association of Louisiana**

**PAINTER, Judge**.

The Plaintiffs, Captain William Wood, the New Iberia Policeman's Association, Local 152 (NIPA), and Officers Kevin Bourque, Brandon Williams, and David McAnally, filed suit to enjoin the City of New Iberia, its mayor and city council from implementing an agreement whereby the Iberia Parish Law Enforcement District (the District) would take over the duties of the New Iberia PoliceDepartment (the Department) and all but ten of eighty-three city police department positions would be eliminated. The trial court found no authority for enjoining the implementation of the agreement and denied the relief sought. The Plaintiffs appeal. We dismiss the appeals finding them moot.

On June 8, 2004, the New Iberia City Council Board of Trustees approved the Cooperative Endeavor Agreement for Law Enforcement Services (the Agreement). The Agreement provided for a ten-year, $29.5 million contract with the District whereby the District would take over the duties of the Department. At the same time, the City's budget was amended to eliminate all but ten of eighty-three city police department positions.

On June 9, 2004, Capt. Wood and NIPA filed a Petition for Injunctive Relief naming as Defendants, Ruth Fontenot, the Mayor of the City of New Iberia, the City of New Iberia, and the New Iberia City Council (hereinafter collectively referred to as the City). The Plaintiffs prayed that the City be enjoined "from applying/implementing/enforcing the unnumbered ordinance" approving the Agreement. A Temporary Restraining Order preventing the Agreement from taking effect was issued by the trial court. The City filed a Motion to Dissolve the TRO, and the District filed a Petition of Intervention in the action filed by Wood.

1

Officers Bourque, Williams and McAnally filed a separate action for injunctive relief against Mayor Ruth Fontenot, the City of New Iberia, the New Iberia Board of Trustees and the District. The Plaintiffs moved to consolidate the two cases. The Professional Firefighters' Association of Louisiana, New Iberia Chapter, moved to intervene in the consolidated suits.

A hearing on the injunction was held on July 2, 2005. The trial court entered a judgment denying the Plaintiffs' applications for preliminary injunctions. Plaintiffs appeal that judgment. The Defendants moved to dismiss the appeals asserting that they were moot. This court denied that motion, finding that "the evidence submitted by the defendants in support of their motion to dismiss is not properly before this court." The Defendants applied for Supervisory and/or Remedial Writs to the Louisiana Supreme Court. The supreme court denied the writ application. The Defendants now reassert the Motion to Dismiss asserting that in their Application for Supervisory Writs, the Plaintiffs admitted that the Agreement had been implemented and the reduction in force implemented, thereby rendering the appeal moot. Again in their Opposition to Defendants'/Appellees' Second Motion to Dismiss," the Plaintiffs acknowledged "that the Cooperative Endeavor Agreement and reduction in force have been implemented." However, they argue because what is before the court is an attempt to enjoin an ongoing event, rather than a singular event, it is not moot.

"A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it." La.Civ.Code art. 1853. "For a statement to be a judicial confession, it must expressly acknowledge an adverse fact." *Perry v. Perry & Sons Vault & Grave Service*, 03-1519, p. 3

2

(La.App. 3 Cir. 5/12/04), 872 So.2d 611, 614. A judicial confession has the effect of waiving the need for evidence of it or of withdrawing the matter from issue. *Hyde v. Hibernia Nat. Bank in Jefferson Parish*, 584 So.2d 1181 (La.App. 5 Cir. 1991). "For these effects to be imposed, however, the other must have either relied on the declaration to his detriment or he must have been led to believe the admitted fact was not at issue." *Id.* at 1184. *See also, Farmers-Merchants Bank & Trust Co. v. St. Katherine Ins.*, 93-552 (La.App. 3 Cir. 3/9/94), 640 So.2d 353, *writ denied*, 94-0841 (La. 5/13/94), 641 So.2d 204.

In this case, the Plaintiffs have expressly acknowledged the implementation of the contract and its concomitant reduction in the size of the Department. Further, the Plaintiffs do not attempt to withdraw that acknowledgment on appeal. This is more than sufficient to allow the Defendants to believe that this fact is not disputed. Therefore, we may consider the statements made by the Plaintiffs in their Opposition as proof against them and accept that the Agreement has been implemented.

In light of the Plaintiffs' acknowledgment that the Agreement has been implemented, the Defendants assert that the Plaintiffs' demand is moot. "A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief." *United Cos. Lending Corp. v. Hall*, 97-2525, p. 4 (La.App. 1 Cir. 11/6/98), 722 So.2d 48, 50.

> It is well established that appellate courts will not render advisory opinions from which no practical results can follow. *United Teachers of New Orleans v. Orleans Parish School Board*, 355 So.2d 899 (La.1978). As a result, Courts have established the rule that moot questions will not be considered on appeal. *State ex rel Guste v. Louisiana Commission*, 297 So.2d 750 (La.App. 1st Cir.1974). So strong is this prohibition that an appellate Court, as a matter of judicial economy, has a right to consider the possibility of mootness on its own motion and to dismiss the appeal if the matter has become moot. *Aucoin v. Evangeline Parish Police Jury*, 338 So.2d 789 (La.App. 3rd

Cir.1976); *Cain v. Board of Supervisors, Ouachita Parish*, 335 So.2d 711 (La.App. 2nd Cir.1976).

In cases of injunctive relief, it is clear that when the activity which a plaintiff seeks to enjoin has already occurred during the pendency of the suit, the matter is moot and the propriety of the trial court's action in denying or granting the injunction will not be considered by the reviewing court. *City Stores v. Gervais F. Favrot Co., Inc.*, 315 So.2d 370 (La.App. 4th Cir.1975), *writ denied* 320 So.2d 557; *Boothe v. Board of Supervisors of Elections for the Parish of Catahoula*, 341 So.2d 1297 (La.App. 3rd Cir.1977).

This rule was succinctly stated by our Supreme Court in *Verdun v. Scallon Brothers Contractors, Inc.*, 263 La. 1073, 270 So.2d 512 (1972). In that case an injunction was sought to prevent a contractor from trespassing on plaintiff's property to remove soil for the purpose of repairing an adjacent levee. By the time the Supreme Court considered the matter, all construction activities had ceased. The Court dismissed the appeal stating:

"In such circumstances, the matter is now moot, as this court will not review a case where only injunctive relief is sought when the need for that relief has ceased to be a justiciable issue. Injunction, may be used to prevent but not to correct the wrong; it cannot be employed to redress an alleged consummated wrong or undo what has already been done." Id. 270 So.2d at 513.

*Whitney Nat. Bank of New Orleans v. Poydras Center Associates*, 468 So.2d 1246, 1248-49 (La.App. 4 Cir. 1985).

The Plaintiffs assert that, in spite of the fact that the agreement has been implemented and the reduction in force effected, the relief requested can be granted. Plaintiffs argue that the implementation of the Agreement is an ongoing occurrence rather than a singular event and that, as a result, its enforcement can be enjoined. In support, the Plaintiffs cite *National Food Stores of Louisiana, Inc. v. Cefalu*, 280 So.2d 903 (La.1973), in which the supreme court considered a suit for injunctive relief from a Sunday closing ordinance, in spite of the fact that the ordinance was being enforced on an ongoing basis. We do not find that case to be analogous to the case before us. In that case, the court was asked to stop future instances of

4

enforcement, which continued to occur on each successive Sunday. Here, the Agreement has been implemented, and the reduction of the police force effected. The facts as presented to this court support the conclusion that the implementation of this agreement is not an ongoing event. It is rather a singular incident in which an agreement was implemented. Unlike the enforcement of the ordinance in *National*, it does not require ongoing enforcement on successive occasions in the future. The agreement has been approved. The reduction in force has taken place, and the Sheriff has taken on the duties previously accruing to the Department. These events, while not without future repercussions, have taken place. We find the situation before the court more analogous to those cases, such as *United Companies Lending Corp.,* 722 So.2d 48, in which the plaintiff's suit to enjoin the seizure and sale of property was found to be moot once the seizure and sale occurred. As in those cases, the Plaintiffs would have us "reach back in time" and undo the implementation of the agreement, and cause the Department to be reconstituted in its previous form. We cannot, in this case, enjoin the occurrence of events which, as the Plaintiffs have acknowledged, have already occurred.

CONCLUSION

For these reasons, the Defendants' Motion to Dismiss these appeals is granted. Costs of these proceedings are assessed to the Plaintiffs.

MOTION TO DISMISS APPEALS GRANTED; APPEALS DISMISSED.

5