# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**12-315**

CROSSTEX LIG, L.L.C.

VERSUS.

JOHN M. CLARK, PETER CLARK, JAMES MELVIN CLARK, GABRIEL CLARK, TARALETHA TURNER BURNETT, AMERICAN GENERAL FINANCIAL SERVICES OF LOUISIANA, INC. A/K/A AMERICAN GENERAL FINANCE, INC., COURTESY CHEVROLET INC., DBA CHEVY LAND, STATE OF LOUISIANA -DEPARTMENT OF SOCIAL SERVICES, GEORGE D. BLEWER, RONNIE G. BLEWER, JAMES COPELLAR, JR., LINDA G. BOYD, ROCKY GLENN CARNEY, MAGNOLIA STEEL AND SUPPLY, LLC, FOUR-F ENTERPRISES, INC., NATCHITOCHES TAX COMMISSION, DENISE MOON, BANK OF COUSHATTA, MIKES AUTO SALES, INC., AND JAMES COPELLAR, JR.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-84197
HONORABLE DEE A. HAWTHORNE, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

**APPEAL DISMISSED.**

Mr. James Melvin Clark
159 Caspari Street
Natchitoches, LA 71457
     Defendant-Appellant Pro Se


Mr. J. Todd Benson
P. O. Box 1764
Shreveport, LA 71166
Counsel for Plaintiff-Appellee:
     Crosstex LIG, LLC

**Mr. Kent Gill,**
**3825 Gilbert Drive, Suite 113**
**Shreveport, LA 71104**
**Counsel for Defendant-Appellee:**
**Mike's Auto Sales**

**Mr. Daniel T. Murchison, Jr.**
**P. O. Box 226**
**Natchitoches, LA 71458**
**Counsel for Defendants-Appellees:**
**Four-F Enterprises & Ronnie G. Blewer,**

**Mr. Robert E. Bethard**
**P. O. Box 1362**
**Coushatta, LA 71019**
**Counsel for Defendant/Appellee:**
**Bank of Coushatta**

**Mr. J. Q. Davis**
**P. O. Box 318**
**Coushatta, LA 71019**
**Counsel for Defendant-Appellee:**
**Rocky Glenn Carney d/b/a Magnolia Steel and Supply**

**Mr. J. Christian Henry**
**P. O. Box 693**
**Natchitoches, LA 71458-0693**
**Curator for Defendant-Appellee:**
**Denise Moon**

**Mr. George L. Celles, IV**
**P. O. Box 486**
**Natchitoches, LA 71458-0486**
**Curator for Defendant-Appellee:**
**Taraletha Burnett**

**Mr. James Rex Fair, Jr.**
**500 North St.,**
**Natchitoches, LA**
**Curator for Defendant-Appellee:**
**Linda Boyd**

**Mr. Gabriel Clark**
**166 Brickyard Rd.**
**Natchitoches, LA 71458-1228**
**Defendant-Appellee Pro se**

**Mr. Peter Clark**
**4877 Hwy. 486**
**Campti, LA 71411**
        **Defendant-Appellee Pro Se**

**PAINTER, Judge**

Defendant-Appellant, John M. Clark, appeals the trial court's ruling ordering certain property owned in indivision with Plaintiff, Crosstex, LIG, L.L.C. (Crosstex) to be partitioned by licitation. Finding that the appeal is moot, we dismiss it.

## FACTS

In 1959, John and Mary Clark bought a tract of land in Natchitoches Parish, Louisiana. John Clark died intestate in 1988, and Mary died, also intestate, in 2006. They were survived by their children, John M. Clark, Joseph Clark, James Abraham Clark, James M. Clark, Gabriel Clark, Doris Clark Rachel, and Peter Clark. In 2010, Crosstex bought Joseph, James Abraham, and Doris's interests in the property.

In March 2011, Crosstex filed this action to partition the property. The court found that the property was not susceptible of partition in kind and ordered partition by licitation. A trial was held on September 23, 2011, and on that same day, the court signed a judgment ordering a partition by licitation. Appellant filed a Motion for New Trial or Hearing and for Temporary Restraining Order in the Form of a Preliminary Injunction. The motion was denied, and Appellant filed a timely motion for a suspensive appeal. However, the appeal was converted from a suspensive to a devolutive appeal due to failure to post an appeal bond.

The property was sold at sheriff's sale on April 4, 2012, where Crosstex bought the property.

## DISCUSSION

Appellant asserts that the trial court erred in ordering a partition by licitation. Crosstex argues that the appeal is moot and should be dismissed.

1

> "A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief." *United Cos. Lending Corp. v. Hall*, 97-2525, p. 4 (La.App. 1 Cir. 11/6/98), 722 So.2d 48, 50.
>
> > It is well established that appellate courts will not render advisory opinions from which no practical results can follow. *United Teachers of New Orleans v. Orleans Parish School Board*, 355 So.2d 899 (La.1978). As a result, Courts have established the rule that moot questions will not be considered on appeal. *State ex rel Guste v. Louisiana Commission*, 297 So.2d 750 (La.App. 1st Cir.1974). So strong is this prohibition that an appellate Court, as a matter of judicial economy, has a right to consider the possibility of mootness on its own motion and to dismiss the appeal if the matter has become moot. *Aucoin v. Evangeline Parish Police Jury*, 338 So.2d 789 (La.App. 3rd Cir.1976); *Cain v. Board of Supervisors, Ouachita Parish*, 335 So.2d 711 (La.App. 2nd Cir.1976).

*Wood v. Fontenot*, 04-1174, pp. 3-4 (La.App. 3 Cir. 3/2/05), 896 So.2d 323, 325-326, *writ denied*, *City of New Iberia v. New Iberia Fire and Police Civil Serv. Bd.*, 05-801(La. 5/13/05), 902 So.2d 1023, (citing *Whitney Nat. Bank of New Orleans v. Poydras Center Assoc.*, 468 So.2d 1246, 1248-49 (La.App. 4 Cir. 1985)).

Louisiana Code of Civil Procedure Article 4607 provides that:

> When a partition is to be made by licitation, the sale shall be conducted at public auction and after the advertisements required for judicial sales under execution. All counsel of record, including curators appointed to represent absentee defendants, and persons appearing in proper person shall be given notice of the sale date. At any time prior to the sale, the parties may agree upon a nonjudicial partition.

A judicial or sheriff's sale, if the proper formalities are observed, transfers the property sold to the purchaser as completely as if the owner had sold it himself. However, it transfers only the actual rights held by the debtor. See La.R.S. 9:3170.

This court in *Cooley v. Merriman*, 590 So.2d 718, 720 (La.App. 3 Cir. 1991) (citation omitted), explained that: "Louisiana law is settled that a judgment ordering a sale to effect a partition is executory after the expiration of the delay for

a suspensive appeal, and all power to prevent the execution of the judgment is lost."

In *Hagstette v. Wadsworth*, 57 So.2d 222, 224 (La.1952), the Louisiana Supreme Court stated:

> [A] sale made under the mandate of the court to effect a partition is of the same nature and character as other judicial sales and is governed by the same rules. . . . [T]he judgment ordering the sale to effect a partition becomes executory ten days after it is signed and that after the expiration of the delay for a suspensive appeal, while the party cast has the right to a devolutive appeal within one year, all power to oppose or prevent the execution of the judgment is lost. . . . . If the party cast fails to protect his rights by suspending the execution of the judgment in the manner prescribed by law, the court can not undo what has already been done by virtue of the judgment while it was executory. It was pointed out therein that such a sale in pursuance of a mandate of court transfers the property as completely as if the owner had sold it himself

Thus, the judgment of the trial court ordering the property to be partitioned by licitation became executory after the appeal was converted from suspensive to devolutive. The fact that the sale has occurred renders moot Appellant's devolutive appeal of the order that the property be partitioned by licitation. *See Messer v. Harris*, 442 So.2d 1284 (La.App. 3 Cir. 1983) and *Devall v. Devall*, 153 So.2d 114 (La.App. 1 Cir. 1963).

> As was stated by this court in *City Finance Co., Etc. v. Johnson*, 410 So.2d 1189 (La.App. 3 Cir.1982), in a case involving a devolutive appeal from a trial court's denial of injunctive relief to stop a marshall's sale "we know of no order or judgment this court could render which would grant appellant the relief she seeks or undo that which has already been done."

*Messer,* 442 So.2d at 1286.

## CONCLUSION

Since the issue raised by Appellant's is moot, we dismiss the appeal. All costs of this appeal are assessed to Defendants-Appellants.

**APPEAL DISMISSED**.