NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-1194

RANDY J. DUGAS

VERSUS

APRIL DARBY, ET UX.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 83120
HONORABLE VINCENT JOSEPH BORNE, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and David Kent Savoie, Judges.

APPEAL DISMISSED AS MOOT.

**W. Glenn Soileau**
**P. O. Box 344**
**Breaux Bridge, LA 70517**
**(337) 332-4561**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Randy J. Dugas**

**Lucretia Pecantte**
**P. O. Box 9010**
**New Iberia, LA 70562-9010**
**(337) 374-1202**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Coy Darby**

**EZELL, Judge.**

Coy Darby appeals the trial court's grant of a protective order against him on the petition of his wife's ex-husband, who filed it on behalf of his sons. For the following reasons, we dismiss as moot the appeal of the issuance of the order of protection.

## FACTS

Coy is married to April. Prior to this marriage, April was married to Randy Dugas. Prior to their divorce, Randy and April had two sons, Dorrian and Randy. On a Saturday evening in September 2015, the boys went to visit their father. On Sunday, there was a birthday party with a water slide at the house. The boys played outside for several hours. After their bath on Sunday night, Randy junior[1], walked into the living room in his underwear when Randy senior and his wife, Casie, noticed bruises on his upper right leg. When he questioned Randy junior about the bruises, Randy junior told his father that Coy whipped him for misbehaving at school. Randy junior also told them that his mother had seen the bruises and tried to put medicine on them. Randy senior testified that he had supervised the boys' showers the night before and did not notice any marks at that time.

Both April and Coy admitted that Coy spanked Randy junior on the buttocks on Monday, August 31 after they received a call from the school about disruptive behavior. They explained that they had received calls before about Randy junior and tried other techniques to curb his disruptive behavior, but nothing worked.

---

[1] For the purposes of this opinion and clarification, we will refer to the father as Randy senior and the child as Randy junior.

Both April and Coy testified that they did not see any marks on Randy junior before sending him to his father's house.

On September 9, 2015, Randy senior filed a petition for a temporary restraining order of protection and a petition for protection on behalf of both boys from abuse against both April and Coy. A hearing was set for September 11. After the hearing, the trial court found that Randy senior met his burden of proof regarding Coy as to Randy junior.

On September 11, 2015, the trial court issued an order of protection on behalf of Randy junior against Coy. Temporary custody of Randy junior was granted to Randy senior. All provisions of the order expire on March 11, 2016. Coy then filed the present appeal.

## DISCUSSION

Coy complains to this court that the trial court erred in issuing the order of protection. We observe that the order of protection expires by its own terms on March 11, 2016.[2]

As a matter of judicial economy, an appellate court has the right "to consider the possibility of mootness on its own motion and to dismiss the appeal if the matter has in fact become moot." *Cory v. Cory*, 43,447, p. 6 (La.App. 2 Cir. 8/13/08), 989 So.2d 855, 859-60. *Also see Tobin v. Jindal*, 11-838 (La.App. 1 Cir. 2/10/12), 91 So.3d 317. "A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief." *Cory,* 989 So.2d at 860 (citing *Wood v. Fontenot*, 04-1174 (La.App. 3 Cir. 3/2/05), 896 So.2d 323, *writ denied*,

_____

[2] We note that an appeal from an order of protection is not one of the cases designated for expedited handling. Uniform Rules—Courts of Appeal, Rule 5-1.

2

05-801 (La. 5/13/05), 902 So.2d 1023. "As a result, courts have established the rule that moot questions will not be considered on appeal." *Id.*

Therefore, we decline to consider Coy's arguments to this court concerning the trial court's decision to issue an order of protection. Coy's appeal is dismissed as moot. Costs of this appeal are assessed to Coy Darby.

**APPEAL DISMISSED AS MOOT.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.