# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-610

NATISHA MARIE FIGARO, ET AL.

VERSUS

LAFAYETTE ANIMAL SHELTER &
CARE CENTER, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2019-2584
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and D. Kent Savoie, Judges.

**APPEAL DISMISSED AS MOOT.**

Joy C. Rabalais
H. Edward Barousse, III
Cranay D. Murphy
Kate Bailey Labue
Borne, Wilkes & Rabalais, L.L.C.
Post Office Box 4305
Lafayette, Louisiana 70502-4305
(337) 232-1604, Extension 232
Counsel for Defendant/Appellee:
        Lafayette City Parish Consolidated Government

**Alfred McZeal, Jr.**
**In Proper Person**
**315 Jackson Street**
**Lafayette, Louisiana 70501**
**(832) 623-4418**
**Plaintiff/Appellant:**
     **Alfred McZeal, Jr.**

**Natisha Marie Figaro**
**In Proper Person**
**417 Refinery Street**
**Lafayette, Louisiana 70501**
**(832) 623-4418**
**Plaintiff/Appellant:**
     **Natisha Marie Figaro**

**KEATY, Judge.**

Dog owner appeals a judgment affirming a decision of the Lafayette Animal Shelter Advisory Board (the Board) which declared her pet, Diamond, a dangerous dog. For the following reasons, we dismiss this appeal as moot.

## FACTS AND PROCEDURAL HISTORY

The Board conducted a Dangerous Dog Hearing on April 18, 2019, regarding Diamond, a female pit bull mix dog owned by Natisha Marie Figaro. At the close of the hearing, the eight Board members present unanimously declared Diamond "dangerous as per City-Parish Consolidated Ordinance Article IV." Figaro,[1] pro se, sought review of that declaration by filing a "Petition & Appeal" in the Fifteenth Judicial District Court (the trial court), which set the matter for a rule to show cause. Lafayette City-Parish Consolidated Government (LCG or Defendant) answered the Petition, generally denying Figaro's allegations and asserting affirmative defenses regarding public body/political subdivision immunity.[2] Four exhibits were attached to Defendant's answer: 1) Exhibit 1, a copy of the LCG's ordinances regarding animals; 2) Exhibit 2, in globo, the evidence/documentation submitted at the Board hearing; 3) Exhibit 3, an audio recording of the Board hearing; and 4) Exhibit 4, the minutes from the Board hearing.

At a May 13, 2019 contradictory hearing, the trial court entertained oral argument from the parties before taking the matter under advisement. In a written judgment signed on June 6, 2019, the trial court declared Diamond a "dangerous dog"

---

[1] Alfred McZeal, Jr. is also a named plaintiff in this action. Although the Petition gives no indication as to McZeal's relationship to Figaro, according to the minutes of the April 18, 2019 Board hearing, he is Figaro's uncle. We refer to plaintiffs collectively as "Figaro" or "Plaintiff."

[2] The named defendants in this action are Lafayette Animal Shelter & Care Center (the Shelter), the Board, and Lafayette Consolidated Government. LCG answered the Petition, stating that it had been erroneously referred to as the "Lafayette Animal Shelter & Care Center, Lafayette Animal Shelter Advisory Board."

and dismissed Figaro's petition with prejudice.[3] Therein, the trial court noted that it had "review[ed] the entire record, including the audio CD of the Dangerous Dog hearing." Figaro timely appealed that ruling and is before this court asserting that the trial court abused its discretion[4] by affirming the Board's determination that Diamond was a "potentially dangerous or vicious animal." Figaro claims that the appealed judgment is a complete nullity because both the Board and the trial court violated her rights of due process.

## DISCUSSION

At the outset, we feel compelled to address an issue raised in Figaro's Appellant Brief, wherein she noted that the trial court failed to set a rule to show cause within the five-day window mandated by Section 10-266 of the Lafayette City-Parish Consolidated Government Code of Ordinances (the Ordinances). The appellate court was faced with a similar complaint in *WBR Parish Council*, 14-133, p. 2, where the plaintiff/dog owner argued that the trial court erred "by proceeding with trial over defendant's objection that trial was being commenced three days beyond the statutorily mandated time delay." While acknowledging that the trial court set the hearing beyond the proscribed delay, the court of appeal found that the plaintiff "offer[ed] no evidence to show how his rights were violated or how he was prejudiced by the three-day delay[,]" nor did plaintiff "seek redress at the appropriate time through supervisory writs." *Id.* Thus, the first circuit found no actionable error on the part of the trial court.

---

[3] The document signed by the trial court, which is titled "Minute Entry / Ruling," contains the decretal language that is necessary for it to be a valid judgment.

[4] We note that the proper standard of appellate review of a trial court's affirmation of the Board's decision to declare a dog dangerous within the meaning of the Ordinances is that of manifest error. *See WBR Parish Council v. Jordan*, 14-133 (La.App. 1 Cir. 9/25/14) (unpublished opinion).

2

Here, Figaro failed to allege, and our review of the record provides no support upon which to base an argument, that she suffered any prejudice as a result of the trial court's delay in setting the rule to show cause.

In an Appellee Brief filed in this court on December 11, 2019, Defendant disclosed that the following transpired after the appealed judgment was signed on June 7, 2019:

> On June 18, 2019, Ms. Figaro received a letter from Shelley Delahoussaye, the shelter supervisor, dated June 17, 2019, informing Ms. Figaro of the requirements for keeping a dangerous dog. Mrs. Delahoussaye spoke with Ms. Figaro by phone on the morning of June 18, 2019, during which call Ms. Figaro stated that she would not be able to meet the requirements of keeping a dangerous dog and asked what options were available. Mrs. Delahoussaye then informed Ms. Figaro that Diamond could not be released without having the requirements met, but that Diamond could be surrendered to the Lafayette Animal Shelter. Ms. Figaro opted to surrender Diamond to the Lafayette Animal Shelter, and was additionally advised that Diamond was ineligible for adoption or rescue and that she would have to be euthanized. Ms. Katina Richard, a field supervisor for the shelter, then met Ms. Figaro at her residence for her to sign an Owner Surrender Form, which she did on June 18, 2019. Ms. Figaro asked Ms. Richard if the shelter would wait to euthanize Diamond until June 19, 2019, so that she could have one last visit, and the shelter agreed. Ms. Figaro visited Diamond on the afternoon of June 19, 2019, and Diamond was humanely euthanized on June 20, 2019.

Defendant asks this court to dismiss this appeal as moot in light of the foregoing circumstances, the result of which leaves no justiciable controversy for this court to decide.

None of the occurrences outlined in Defendant's Appellee Brief were noted in the Appellant Brief Figaro filed in this court on November 4, 2019. Moreover, in the Reply Brief she filed on December 26, 2019, Figaro fails to dispute that any of the events happened as explained by Defendant or to otherwise refute that this appeal has become moot. Instead, Figaro insists that Defendant should be precluded from raising the issue of mootness because it failed to answer this appeal. Moreover,

Figaro contends that Defendant has improperly clouded the issues as a means of evading discussion of the merits of her assignments of error.

> Courts may not decide cases that are moot, or where no justiciable controversy exists. *La. Associated Gen. Contractors, Inc. v. State of La.,* 95-2105 (La.3/8/96), 669 So.2d 1185, 1193; *see generally* Chief Justice Pascal F. Calogero, Jr., *Advisory Opinions: A Wise Change for Louisiana and Its Judiciary?,* 38 Loy. L.Rev.. 329, 362-67 (1992) (summarizing arguments against permitting the courts to issue advisory opinions). An issue is "moot" where "it has been deprived of practical significance and made abstract or purely academic." *La. Associated Gen. Contractors, Inc.,* 669 So.2d at 1193 (citing *Am. Waste v. Martin Parish,* 627 So.2d 158 (La.1993)). In contrast, a justiciable controversy exists where there is an " 'existing actual and substantial dispute ... which involves the legal relations of the parties who have real adverse interest, and upon which the judgment of the court may effectively operate through a decree of conclusive character.' " *Id.* (quoting *St. Charles Parish Sch. Bd. v. GAF Corp., et al.,* 512 So.2d 1165 (La.1987)).

*Suire v. Lafayette City-Par. Consol. Gov't*, 04-1459, 04-1460, 04-1466, p. 24 (La. 4/12/05), 907 So.2d 37, 55.

*Wood v. Fontenot*, 04-1174 (La.App. 3 Cir. 3/2/05), 896 So.2d 323, *writ denied sub nom. City of New Iberia v. New Iberia Fire & Police Civil Serv. Bd.*, 05-801 (La. 5/13/05), 902 So.2d 1023, involved an appeal brought by a police captain, a policeman's association, and three individual police officers who filed a suit to enjoin a city, its mayor, and the city council from entering into an agreement whereby the parish law enforcement district would assume the duties of the police department, the result of which would be the elimination of the majority of the city police department's positions. The trial court had denied the relief sought by the plaintiffs on the basis that they failed to provide any authority for the sought-after injunction. Defendants sought to have this court deny the appeal as moot on the basis that the agreement which plaintiffs were seeking to enjoin had already been entered into, and a reduction in the police force had already occurred, which facts

4

plaintiffs acknowledged in their pleadings. In dismissing the appeal as moot, we noted:

> "A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief." *United Cos. Lending Corp. v. Hall,* 97-2525, p. 4 (La.App. 1 Cir. 11/6/98), 722 So.2d 48, 50.

> It is well established that appellate courts will not render advisory opinions from which no practical results can follow. As a result, Courts have established the rule that moot questions will not be considered on appeal. **So strong is this prohibition that an appellate Court, as a matter of judicial economy, has a right to consider the possibility of mootness on its own motion and to dismiss the appeal if the matter has become moot**.

*Wood*, 896 So.2d at 325-26 (emphasis added) (citations omitted) (*quoting Whitney Nat'l. Bank of New Orleans v. Poydras Center Assocs.,* 468 So.2d 1246, 1248 (La.App. 4 Cir.1985). *See also Cain v. Bd. of Sup'rs of Elections, Ouachita Par*., 335 So.2d 711, 712 (La.App. 2 Cir.), *cert. denied,* 336 So.2d 871 (La.1976) ("While no motions were filed contending that this case is now moot, this court has the right to consider this possibility ex proprio motu. C.C.P. art. 2164.[5] Moot questions will not be considered on appeal.")

In rejecting the *Wood* plaintiffs' argument "that the implementation of the Agreement is an ongoing occurrence rather than a singular event and that, as a result, its enforcement can be enjoined[,]" we reasoned, "the Plaintiffs would have us 'reach back in time' and undo the implementation of the agreement, and cause the Department to be reconstituted in its previous form. We cannot, in this case, enjoin the occurrence of events which, as the Plaintiffs have acknowledged, have already occurred." *Wood*, 896 So.2d at 326, 327.

---

[5] Louisiana Code of Civil Procedure article 2164, titled, "Scope of appeal and action to be taken; costs," provides, in pertinent part, that an "appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."

Given the fact that Diamond, the subject of this appeal has been euthanized, we are unable to offer any practical relief to Figaro that would bring back her pet. Nevertheless, we will perform a bare due process review of the proceedings that took place before the Board and in the trial court.

Throughout her briefs to this court, Figaro repeatedly refers to Diamond as having been declared "potentially dangerous or vicious animal." We note that Article IV of the Ordinances, which is titled "POTENTIALLY DANGEROUS, DANGEROUS OR VISCIOUS ANIMAL," clearly differentiates between a "dangerous dog" and a dog that is "potentially dangerous." Section 10-262 of Article IV includes the following definitions:

> *Potentially dangerous animal or dog* means: (1) an animal or dog while at large menaces, chases, displays threating or aggressive behavior or otherwise threatens or endangers the safety of any person, domestic animal, or livestock while on streets, sidewalks, public grounds, or private grounds; (2) any animal or dog that due to combination of size, strength and aggressiveness, that demonstrates aggressive or threating behavior directed against a person or animal at a place in time where the person or animal was conducting themselves peaceably and lawfully; (3) an animal or dog that aggressively bites or causes physical injury to any person, domestic animal, or livestock either on public or private property; or (4) any animal or dog with a known propensity, tendency or disposition to attack unprovoked, inflict an injury upon a human, pet, or livestock while on streets, sidewalks, or on public or private grounds.

> *Dangerous animal or dog* means: (1) Any animal or dog which when unprovoked, on two separate occasions within the prior 24 month period, engages in any behavior that requires a defensive action by any person to prevent bodily injury when the person and the animal or dog are off the property of the owner of the animal or dog; or (2) any animal or dog which, when unprovoked, bites a person causing an injury[.]

Our review of the record reveals that both the Board and the trial court declared Diamond a dangerous dog, as opposed to being merely potentially dangerous. Exhibit 2 to Defendant's answer contains two Finalized Animal Control Issue Summaries completed by Animal Control Officer Carolyn Giuffrida documenting two instances, on January 14, 2019, and on March 8, 2019, when

Diamond bit someone off of the property where it lived with Figaro. The minutes of the Board hearing show that Figaro was present at the April 18, 2019 Dangerous Dog Hearing concerning Diamond. Finally, on the audio of that hearing, Figaro admits that Diamond did, in fact, bite the two individuals as noted in Officer Giuffrida's reports.

The properly submitted evidence confirms that Diamond bit two people while off of Figaro's property. Thus, we conclude that neither the Board nor the trial court committed manifest error in decreeing Diamond a dangerous dog within the meaning of the Ordinances. Moreover, this appeal has been rendered moot by the course of events that have transpired since the appeal judgment was rendered. Thus, we hereby, on our own motion, dismiss this appeal as moot.

## DECREE

Appeal dismissed as moot. All costs of this appeal are assessed against Plaintiffs, Natisha Marie Figaro and Alfred McZeal, Jr.

**APPEAL DISMISSED AS MOOT.**