SCHOTT, Judge.
On February 23, 1973, plaintiff, Richard J. Zimmer, Jr., obtained a judgment of separation against his wife. She was awarded custody of their three minor children, Richard, then 10, Brandt 8, and Amber 5, and child support in the amount of $100 weekly. In March, 1974, plaintiff obtained a divorce *1313 and the same custody and support arrangements were continued.
In July, 1974, defendant moved for increase in child support payments, alleging that her monthly expenses for the support of the children amounted to $664 per month. A consent judgment in August, 1974, increased child support to $120 per week.
In October, 1975, plaintiff moved for a reduction in child support and defendant moved for an increase. It was established at the trial that defendant’s income had increased from $2200 per year to $8100 a year since she had become employed as a school teacher by the Jefferson Parish School Board. But the court dismissed both rules maintaining support at $120 per week.
Again in October, 1976, plaintiff ;moved to decrease child support but after a trial in October, 1976, the rule was dismissed.
In October, 1977, the parties agreed to a consent judgment transferring the custody of the children to plaintiff and terminating' the child support payments he was making to defendant.
In January, 1978, plaintiff moved for child support against defendant, and following a trial on April 28, 1978, the court awarded plaintiff a judgment against defendant for child support in the amount of $50 per month with the stipulation “said sum to become due and payable beginning one (1) month after all debts incurred by Susan Lavista Zimmer on behalf of the children of her former marriage to Richard J. Zimmer, Jr., have been liquidated,” From this judgment, plaintiff has taken, this appeal seeking an increase in the award.
We were initially concerned with the wording of this judgment in that it appeared to be indefinite, but considering the statement by both counsel that the debts referred to in the judgment are now paid, any question about the form of the judgment is now moot.
Plaintiff testified that his annual income is approximately $21,000. He produced figures to show that the expenses he incurs for his three children are in excess of $1,000 per month. He is remarried and has living in his home his present wife’s two children by a previous marriage. His present wife receives $270 per month from her previous husband for the support of her children.
Defendant lives alone and had an income of $11,482.42 in 1977. She produced figures to show that she spent $846 for her own support, but this included some $316 she was paying on the previous debts which are now paid.
Plaintiff’s testimony as to his child support expenses was reasonable and his figures were consistent with those offered by • defendant at the trial of one of the previous rules in October, 1976, to show that she required in excess of $900 to support these children at that time.
The obligation to support children born of a marriage is shared by the mother and father, LSA-C.C. Art. 227. In this situation where the needs of the children are in excess of $900 it was an abuse of discretion for the trial court to condemn defendant to pay only $50 per month, leaving plaintiff to pay the remainder and to provide the in home nurture and support for the children.
However, we reject plaintiff’s contention that the amount of the award for child support should be mathematically proportioned to her salary’s percentage of the total income of the parties. This contention ignores many factors which are not susceptible to computation with mathematical exactitude, including an amount every individual needs for basic living expenses before reaching a point where there is some disposable income. Considering all pertinent factors, including the present family position of plaintiff, we have concluded that $250 is an appropriate amount of monthly child support to be paid by defendant who does not have custody of the three children.
Accordingly, the judgment appealed from is set aside and there is judgment in favor of plaintiff, Richard J. Zimmer, Jr., and against defendant, Susan Lavista Zimmer, condemning her to pay to plaintiff the sum of $250 per month as child support for and *1314 in behalf of the minor children of the marriage, said sum to become due and payable on the first day of the month following the date when the judgment of this court becomes final. Each party will bear his or her own court costs.
REVERSED AND RENDERED.