GARRISON, Judge.
This is an appeal from a judgment of the district court dated June 7, 1985 providing as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that Cynthia G. Voelker be and she is hereby granted the care, custody and control of the minor children born of the marriage, namely, Cherie Anne Voelker, Charles Albert Voelker, Jr. and Clint Andrew Voelker, subject to reasonable visitation in favor of Mr. Voelker upon his giving reasonable notice to Mrs. Voelker.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Cynthia G. Voelker be and she is hereby granted the use and occupancy, pending partition of the community property, of the family home located at 1209 Missouri Street, Chalmette, Louisiana.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Charles Albert Voelker be and he is hereby ordered to pay unto Mrs. Voelker 33% of his unemployment compensation benefits plus 33% of his net profits or income from any other source, as alimony pen-dente lite; and in addition to pay unto Cynthia G. Voelker 7% of his unemployment compensation benefits plus 7% of net profits or income from any other source as child support.
IT IS ORDERED that Charles Albert Voelker shall account to Mrs. Voelker on the 15th day of each month, commencing June 15, 1985, for net profits and income from any source, and that all child support and alimony payments shall be made on the 15th of each month.
IT IS FURTHER ORDERED that Charles Albert Voelker shall pay the mortgage note on the family home at 1209 Missouri Street, Chalmette, and that Cynthia G. Voelker shall pay all utilities for the said residence.”
The trial court additionally provided the following oral reasons for judgment:
“THE COURT:
This is a case like the average case. The usual case. There’s not enough money to go around. We have three children here that will suffer for the sins of their parents. I’m glad it’s on their conscience and not on mine.
The wife will be granted the use of the family home. She will be granted the care, custody and control of the minor children. The wife claims that there’s no problem with visitation to the father. I hope there will continue not to be any problems.
The father will be granted the rights of reasonable visitation upon giving reasonable notice to the mother. You cannot expect to go over there and just pick them up whenever you feel like it. He has to give notice to make sure they’re ready, and see if they have any other commitments. The father will pay 33 percent of his unemployment pluss 33 percent of any net profits or income or net income from any other sources as alimony pendente lite.
Mr. Voelker will pay seven percent of his unemployment and plus seven percent of any net profits of any enterprise or seven percent of any net proceeds received from any source whatsoever as child support for his three minor children.
He’ll have to account to his wife on the 15th day of each month commencing *1206 June 15th, ’85 for all of his outside enterprises such as trawling, crabbing, doing work of any character, carpentry, et cetera, plus he’ll pay the note on the family home. He’ll not be required to pay any of the utilities, and the wife will have to pay that out of whatever she receives. There’s just not enough money to go around.
Mr. Yoelker is out of work, and if he were living with his wife, she’d have to suffer that loss with him together. Of course, I know it would be a lot easier then. If his girlfriend gives him any money, he’s got to give her 40 percent of that. Any bills he can’t pay, they can agree to sell some of the community property such as the boat, truck, anything else, and he can go see the referee in bankruptcy at 500 Camp Street. Prepare the Judgement, Mr. Tillery.”
From that judgment, Mrs. Yoelker appeals.
On appeal Mrs. Voelker argues that the trial court erred in phrasing the award in percentages instead of providing for a fixed amount.
In Zimmer v. Lavista, 367 So.2d 1312, 1313 (La.App. 4th, 1979) this court stated:
“However, we reject plaintiff’s contention that the amount of the award for child support should be mathematically proportioned to her salary’s percentage of the total income of the parties. This contention ignores many factors which are not susceptible to computation with mathematical exactitude, including an amount every individual needs for basic living expenses before reaching a point where there is some disposable income.”
In Clynes v. Clynes, 450 So.2d 372, 375 (La.App. 4th, 1983), Judge Klees, as organ of this court, quoted:
it should be borne in mind that calculation of child support by a mathematical formula is impossible and that all of the varying facts and circumstances of each individual case must be taken into consideration in fixing the amounts awarded.’ Fall v. Fontenot, 307 So.2d 779, (La.App.3rd Cir.1975).”
Thus it is apparent that the trial court judge committed an error of law in phrasing his judgment in mathematical percentages.
After physical separation and prior to the hearing, Mr. Voelker was voluntarily paying his wife $600 a month and paying all of the bills in conjunction with their marriage, including house note, utilities, private school tuition, dancing lessons and cub scout costs, clothing, transportation, all credit card indebtedness, and two bank loan payments on his shrimp trawler.
Three weeks to a month before the hearing, Mr. Voelker was both “laid off” from his job of 10 years as a building inspector and injured his finger which prevents him from working. He presently receives $205 weekly or $888.33 monthly in unemployment compensation. He also owns a 30 foot shrimp trawler and has trawled in the past for extra income. He also has worked “side jobs” as a construction supervisor in the past for extra income. It is his testimony that his injured finger prevents him from engaging in any of these various occupations.
Mr. Voelker presently lives with either his mother or his female friend, Kelly Sto-nebreaker. He makes no financial contribution to either household and lives at both totally rent free. He testified that his current expenses total $575.00 a month. Accordingly, he has monthly disposable income on unemployment alone of $313.33. In addition, the trial court apparently believed, as do we, that Mr. Voelker has additional shrimp trawling income.
Mrs. Voelker, who is a traditional nonworking housewife, has had two jobs since the separation. Both “jobs” were of the day-to-day worker variety for a market research company, filling out questionnaires in shopping malls. The first “job” was from 10:00 a.m. to 9:00 p.m. and paid $100.00. The second job also ran from 10:00 a.m. to 9:00 p.m. and paid $40.00 for the day.
Mrs. Voelker may or may not be receiving any income from the community home *1207 upon partition of the community because the house was purchased shortly before their marriage as his separate property.
Because the trial court judge committed an error of law in writing percentages into the judgment, it is now up to this court to state a fixed dollar amount. Because he was voluntarily paying $600.00 a month before, we find the amount of $350.00 a month as alimony and $150.00 a month as child support appropriate.
For the reasons discussed, the judgment of the district court is amended by deleting paragraphs 3 and 4 and in inserting the following, and, as amended, is affirmed.
“IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Charles Albert Voelker be and hereby is ordered to pay to Cynthia G. Voelker the sum of $350.00 per month in alimony and $150.00 per month in child support, both due and payable by and on the 15th of each month.”
AMENDED AND AFFIRMED.