STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-1117

JOHN POMIER

VERSUS

ROBERT MORELAND, ET AL.

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 88003-D
HONORABLE WILLIAM D. HUNTER,
DISTRICT COURT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Marc T. Amy, J. David Painter, and James T. Genovese, Judges.

AFFIRMED AS AMENDED.

David Groner
David Groner, P.L.C.
230 West Main Street
Post Office Box 9207
New Iberia, Louisiana 70560
(337) 364-3629
COUNSEL FOR PLAINTIFF/APPELLANT:
    John Pomier

Skylar J. Comeaux
Joseph H. Garbarino
Jeff R. Rytlewski
Law Offices of Jeff R. Rytlewski
345 Doucet Road, Suite 104-A
Lafayette, Louisiana 70503
(337) 983-0170
COUNSEL FOR DEFENDANT/APPELLEE:
     Hartford Insurance Company of the Midwest

John W. Penny, Jr.
Penny and Hardy
100 East Vermilion Street
Gordan Square, Suite 301
P.O. Box 2187
Lafayette, Louisiana 70502
(337) 231-1955
COUNSEL FOR DEFENDANTS/APPELLEES:
     Robert Moreland and Allstate Insurance Company

**GENOVESE, JUDGE.**

Pursuant to non-jury trial in this personal injury action stemming from an automobile accident, the trial court assigned eighty-percent fault to Plaintiff and twenty-percent fault to Defendant. Subject to adjustment for comparative fault, the trial court awarded Plaintiff general damages in the amount of $25,000.00, and medical expenses of $12,406.20.[1] Plaintiff appeals the general damage award. For the following reasons, we affirm as amended.

## FACTS

On January 3, 1997, Plaintiff, John Pomier (Pomier), was attempting to leave his home in the New Horizon Trailer Park in New Iberia, Louisiana, when he struck a parked vehicle owned by his neighbor, Defendant, Robert Moreland, Jr. (Moreland). Pomier filed suit for personal injuries naming as defendants Moreland and his automobile liability insurance carrier, Allstate Insurance Company (Allstate), and Hartford Insurance Company of the Midwest (Hartford), which issued the applicable uninsured/underinsured motorist policy. A joint stipulation was entered into by the parties wherein they agreed "that [Pomier's] cause of action does not exceed the amount of $50,000.00, exclusive of interest and costs. . . ."

At the trial of this matter, the parties stipulated to the amount of Pomier's medical expenses as well as to the existence of insurance coverage under the relevant policies. Following a bench trial, the trial court assessed Pomier with eighty-percent of the fault for the subject accident and Moreland with twenty-percent fault. The trial court further found that Pomier's medical condition was causally related to the

---

[1]Although the record contains a stipulation by the parties that Pomier's medical expenses were $13,994.52, which was acknowledged by the trial court, the written judgment of January 17, 2006 grants judgment in favor of Pomier, before reduction for his comparative fault, for $ 37,406.20 for general and special damages. Considering the $25,000.00 general damage award, the award by the trial court for medical expenses was actually $12,406.20, which figure was not objected to nor appealed. Furthermore, this is the figure used by Pomier in his appellate brief. Hence, the figure of $12,406.20 in medical expenses is the figure which will be used by this court.

1

accident of January 3, 1997. Notwithstanding comparative fault, the trial court rendered judgment in favor of Pomier in the amount of $25,000.00 in general damages and $12,406.20 in special damages. Based upon the trial court's finding of comparative fault on the part of Pomier, the total damage award of $37,406.20 was to be reduced by eighty-percent. Plaintiff appeals the general damage award.

## ISSUE

The sole issue presented by Pomier in this appeal is the adequacy of the general damage award by the trial court. Pomier failed to raise the issue of negligence as an assignment of error. We acknowledge that in his appellate brief Pomier argues that the trial court "committed manifest error in finding the [P]laintiff to be eighty-percent (80%) at fault." However, since the negligence issue was not set forth by Pomier as an assignment of error, it will not be considered by this court. *See* Uniform Rules—Courts of Appeal, Rule 1-3; *Atwood v. Grand Casinos of Louisiana, Inc.*, 04-715 (La.App. 3 Cir. 11/10/04), 887 So.2d 634, *writ not considered*, 04-3046 (La. 2/18/05), 896 So.2d 15. Therefore, we will review only the issue of the adequacy of the general damage award of $25,000.00.

## LAW AND ARGUMENT

In *Andrus v. State Farm Mut. Auto. Ins. Co.*, 95-801, p. 8 (La. 3/22/96), 670 So.2d 1206, 1210 (citations omitted), the supreme court stated:

> In appellate review of general damage awards, the court must accord much discretion to the trial court judge or jury. The role of an appellate court in reviewing awards of general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trial court. Only if the reviewing court determines that the trial court has abused its "much discretion" may it refer to prior awards in similar cases and then only to determine the highest or lowest point of an award within that discretion.
>
> Because discretion vested in the trial court is "great," and even vast, an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, *in*

*either direction*, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

Pomier contends that the general damage award of $25,000.00 is an abuse of the trial court's discretion given the diagnosis of a herniated disc at C5-6 with cord compression. We note, as did the trial court, that the only medical evidence of record are the medical records of Pomier and that "[n]either party introduced medical testimony either by [deposition] testimony or calling a live witness."

The subject accident occurred on January 3, 1997. On January 8, 1997, Pomier was treated by Dr. Jaikishen for complaints of neck pain. An MRI was performed on January 23, 1997, which evidenced a herniated disc at C5-6 with mild cord compression.

On February 5, 1997, Pomier sought treatment with Dr. Michel Heard, an orthopedic specialist. Dr. Heard diagnosed Pomier with posttraumatic headaches, neck pain, and low back pain. Dr. Heard also noted that the MRI of January 23, 1997 evidenced a C5-6 disc herniation. Dr. Heard scheduled Pomier for a CT of the cervical and lumbar spine. On a subsequent visit of February 12, 1997, Dr. Heard noted that the "CT of the cervical spine show[ed] mild spondylosis at C5-6 with question of a small disc and/or spur at this level." Dr. Heard, therefore, ordered another cervical MRI which "show[ed] C5-6 disc herniation to the right." Pomier continued to treat with Dr. Heard through December 1997, at which time the doctor noted that "[s]urgery is an option on the neck if it becomes frequent and severe."

Thereafter, Pomier presented for treatment with University Medical Center (UMC) in Lafayette, Louisiana. A subsequent CT scan was performed at UMC on March 3, 1998, which showed "no evidence for osseous narrowing of the spinal canal or neural foramina with no significant degenerative change identified within the facet

3

joints." Pomier was then referred to the Medical Center of Louisiana in New Orleans, Louisiana.

Another cervical MRI was performed on Pomier in New Orleans on December 22, 1998 which revealed a "right posterior lateral disk protrusion at the level of C5-6 . . . with mild spondylosis." This MRI indicated no cord compression. Though Dr. Heard noted that surgery was an option, Pomier did not undergo surgery on his neck. Basically, as a result of the accident, Pomier suffered a cervical injury with disc involvement without surgical intervention.

We find that the medical records clearly establish that Pomier suffered a cervical injury with disc involvement as a result of the accident. We find no manifest error in the trial court's ruling that "there is a clear indication that there is a herniated disc." Accordingly, we find that the trial court abused its discretion in only awarding Pomier $25,000.00 in general damages for a herniated cervical disc.

Having found an abuse of discretion by the trial court, we refer to similar cases to determine the lowest reasonable amount which may be awarded for the injuries suffered by Pomier. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994); *Andrus*, 670 So.2d 1206. In so doing, however, we are mindful of the stipulation that Pomier's "cause of action does not exceed the amount of $50,000.00" and the consequence of such a stipulation. It is noteworthy that this court opined in *Williams v. Quinn*, 03-630, p. 2 (La.App. 3 Cir. 11/5/03), 858 So.2d 873, 874, as follows:

> In *Bullock v. Graham*, 96-0711 (La. 11/1/96), 681 So.2d 1248, *overruled on other grounds*, *Benoit v. Allstate Ins. Co.*, 00-0424 (La. 11/28/00), 773 So.2d 702, the supreme court examined the methods used by various courts of appeal in cases dealing with jurisdictional limits and stipulations limiting a plaintiff's recovery to a certain amount. After reviewing those methods, the supreme court held that an amount awarded in such cases could "not exceed that maximum recoverable amount, and the plaintiff's percentage of fault was to be deducted from the maximum recoverable amount." *Landry v. Allstate Ins. Co.*,

4

99-1971[, p. 4] (La.App. 1 Cir. 9/22/00), 768 So.2d 256[, 258]. The maximum recoverable amount is the jurisdictional limit or the amount stipulated by the plaintiff as being that amount.

In the case at bar, given the medical expenses of $12,406.20, and considering the $50,000.00 stipulated cap on damages, the award for general damages cannot exceed $37,593.80, and Pomier's percentage of fault is then to be deducted from this maximum recoverable amount.

We find that the lowest general damage award reasonably within the discretion of the trial court exhausts the amount of damages remaining which may be awarded in this case. *See Brasseaux v. Hagan*, 98-1796 (La.App. 3 Cir. 4/28/99), 736 So.2d 284 (general damage award increased from $10,000.00 to $30,000.00 where plaintiff had a cervical disc herniation, degenerative disc problems and residual pain); *Roberts v. State*, 00-778 (La.App. 3 Cir. 11/2/00), 776 So.2d 519, *writs denied*, 00-3307, 00-3324 (La. 2/2/01), 784 So.2d 8, 644 (general damage award increased from $11,000.00 to $65,000.00 for herniation at C4-5 and herniation at L4-5 with surgical recommendation); *Cox v. Julian*, 03-107 (La.App. 5 Cir. 5/28/03), 846 So.2d 986 (general damage award increased from $7,000.00 to $30,000.00 for a C5-6 herniation); *Webb v. Horton*, 01-978 (La.App. 5 Cir. 2/13/02), 812 So.2d 91 (general damage award increased from $6,7000.00 to $50,000.00 for non-surgical herniated cervical disc). In the instant matter, Pomier's injuries included not only a cervical injury with disc involvement, but also posttraumatic headaches, neck pain, and low back pain with residual complaints through the date of the trial. For the foregoing reasons, and in accordance with the stipulation that Pomier's cause of action does not exceed $50,000.00, we increase the general damage award to $37,593.80, which is subject to eighty-percent reduction due to Pomier's comparative fault.

**DECREE**

Considering the $50,000.00 stipulated cap on damages, the judgment of the

5

trial court awarding John Pomier general damages in the amount of $25,000.00 is amended and increased to $37,593.80, which is subject to an eighty-percent reduction due to Pomier's comparative fault. In all other respects, the judgment of the trial court is affirmed.

Costs of this appeal are assessed against Defendants/Appellees, Hartford Insurance Company of the Midwest, Robert Moreland, and Allstate Insurance Company.

**AFFIRMED AS AMENDED.**