AMY, Judge.
_JjThe plaintiff sued his former employer for unpaid wages. The employer answered the suit with a reconventional demand requesting money allegedly owed for the purchase of a truck and other damages. The trial court dismissed both claims. The plaintiff appealed and the defendant answered the appeal. For the following reasons, we affirm.
Factual and Procedural Background
James Shay, the plaintiff and appellee, was employed by Creative Poolscapes and Gardens, LLC (Creative), the defendant and appellant. The plaintiff was hired at a rate of $10 per hour of work for a 40 hour work week. The parties agreed that the plaintiff would be paid $100 dollars in cash at the end of the week, with the remaining $300 dollars owed placed in savings by the defendant to be used at the plaintiffs direction. As admitted by both parties, the arrangement was created in order to allow *157 the plaintiff to continue receiving disability benefits.
Shortly after the plaintiff began employment, the defendant purchased a used Ford truck. The defendant asserts that the truck was actually purchased by the plaintiff, from the money he was saving; however, the defendant maintained title to the truck. The defendant also asserts that insurance and gas for this truck was paid from the plaintiffs savings. The plaintiff used the company credit card to purchase gas, and denies any agreement that insurance and gas were to be paid out of his savings. The used Ford truck was sold to a third party. The defendant asserts that the plaintiff was given a credit in his savings for the purchase price of the truck.
The defendant again purchased another truck, a new Dodge. The truck, whose purchase price was nearly $50,000 dollars, was financed by agreement with the defendant and the dealership to pay a monthly note of $818.49 for five years. The |2defendant asserts that these monthly payments were to be paid out of the plaintiffs savings. The plaintiff contends that this truck was purchased by the defendant for use in the defendant’s business, although the plaintiff maintained sole possession of the truck. The record evidences that the parties had a discussion about what would happen with the truck at the end of the five-year financing period; however, their accounts of that discussion differ. The plaintiff alleges that he agreed with the defendant that at the end of five years, he would have the option to purchase the truck. The defendant, on the other hand, claims that the plaintiff always owned the truck, and that the defendant agreed to transfer the title to him if he was still employed by the defendant at the end of five years. The record also reveals that after the purchase of this second truck, there was not an understanding about which party was responsible for this truck’s insurance and gas payments.
The plaintiffs employment with the defendant ended on October 27, 2006. The parties dispute how long the plaintiff maintained possession of the truck after ending his employment. It is not disputed that at the time of the present suit the defendant had possession of the truck.
The plaintiff filed suit on September 10, 2007, for unpaid wages. The plaintiff claimed that the defendant refused to pay him the wages accumulated in savings for his benefit, specifically, the accumulation of $300 dollars saved from his period of employment between January 2, 2006 and October 26, 2006. The defendant responded to the plaintiffs suit with an answer and reconventional demand. The defendant denied it owed the plaintiff any unpaid wages, and instead, demanded the plaintiff pay the purchase price of the truck or damages to the truck and diminution in its value.
|sAfter a bench trial, the trial court found that an employment relationship existed between the parties, in addition to finding, “that some type of agreement” existed between the parties as to “obtaining the vehicle in the future, the terms of which were not clear.” Accordingly, the trial court dismissed both of the parties claims, stating:
Although the defendant failed to meet its burden of proof that a current purchase agreement exists between the parties, the court finds that some type of agreement between the parties did exist and that the defendant was reasonable in withholding plaintiffs wages. For this reason, the court finds that no wages are owed to the plaintiff. In lieu of wages owed, the court believes that the plaintiff is entitled to a share of the proceeds received from any future sale *158 of the vehicle proportionate to his wages used in payment of the vehicle.
Furthermore, the Court dismissed the Defendant's reconventional demand for payment of expenses associated with the vehicle. The defendant failed to meet its burden of proof that such funds were owed by the employee!.]
The plaintiff now appeals, again seeking unpaid wages, penalties, and attorney fees. The defendant answered the appeal, seeking reimbursement of payment on the truck and attorney fees. However, the defendant’s brief did not assign any errors and pursuant to the Uniform Rules— Courts of Appeal, Rule 2-12.4, the defendant has abandoned issues regarding its reconventional demand denied by the trial court.
Discussion
The plaintiff asserts that the trial court erred in finding that he failed to prove a right to unpaid wages, penalties, and attorney fees. Specifically, the plaintiff argues that the trial court committed legal error in finding that unpaid wages existed and in finding that he was not entitled to those wages. He argues further that because he made a well-founded claim for wages that he is entitled to penalty wages. I,,The plaintiff also argues he is entitled penalties because the defendant was in bad faith when it withheld wages. We find no merit in this assertion.
The parties in this case intentionally created this unusual employment relationship in order to maintain the plaintiffs disability status. Only after this arrangement failed did the parties turn to the law seeking assistance and expecting that they would be able to establish their respective burdens of proof. In the end, the trial court correctly determined that neither was due additional recovery.
Louisiana Revised Statutes 23:631 and 23:632 require that an employer pay an employee wages “due under the terms of employment[.]” The trial court’s ruling demonstrates that the plaintiff simply failed to demonstrate what the terms of the oral contract were relating to the expenses associated with the purchase and maintenance of the truck. Similarly, the defendant failed to prove that it was owed additional reimbursement related to the expenses of the truck. In the end, the parties’ conflicting evidence puts into question whether there was a meeting of the minds and deserves the equitable remedy arrived at by the trial court, i.e., neither party should prevail on its respective claim.
We affirm the trial court’s judgment.
Decree
For the foregoing reasons, we affirm the judgment of the trial court. The costs of this appeal are assessed to the appellant, James Shay.
AFFIRMED.
THIBODEAUX, Chief Judge, dissents and assigns written reasons.