# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1161


## LUCINDA CHARLES A/K/A LUCINDA LANDRY

## VERSUS

## CHARLES RAY LANDRY


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2008-2642
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

************

## DAVID E. CHATELAIN[*]
## JUDGE

************

Court composed of James T. Genovese, Shannon J. Gremillion, and David E. Chatelain, Judges.


**APPEAL DISMISSED.**


Thomas A. Budetti
Attorney at Law
556 Jefferson Street, Suite 200A
Lafayette, Louisiana 70501
(337) 269-9499
Counsel for Defendant/Appellee:
    Charles Ray Landry

Marcus A. Allen, Sr.
Attorney at Law
840 South Washington Street
Lafayette, Louisiana 70501
(337) 289-1762
Counsel for Plaintiff/Appellant:
    Lucinda Charles a/k/a Lucinda Landry

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**CHATELAIN, Judge Pro Tempore.**

Plaintiff, Lucinda Charles a/k/a Lucinda Landry (Lucinda), appeals the trial court's judgment that granted peremptory exceptions of prescription and no cause of action in favor of the defendant, Charles Ray Landry (Mr. Landry). For the following reasons, we dismiss the appeal of Lucinda Charles.

## FACTS AND PROCEDURAL HISTORY

The relevant facts in this matter are not in dispute. Lucinda and Mr. Landry are former spouses who divorced in 1983. In their community property settlement recorded in 1984, Lucinda transferred to Mr. Landry her ownership interest in the community home, which was subject to a $13,000 mortgage in favor of the United States Department of Agriculture, Farmers Home Administration (FHA). Conversely, Mr. Landry agreed to fully assume the mortgage and to hold Lucinda harmless for all indebtedness owed on the home. The community property settlement, however, did not require the home to be re-mortgaged, and, thus, both Lucinda and Mr. Landry remained listed as obligors on the FHA mortgage.[1]

In the fall of 1989, Mr. Landry stopped paying the FHA indebtedness and moved out of the home. The FHA instituted foreclosure proceedings against Mr. Landry and Lucinda in 1992.[2] Because neither could be located, a curator ad hoc was appointed to represent them in the suit. The curator was unable to contact Mr. Landry; however, she did contact Lucinda, who was now married to Russell Charles (Mr. Charles). When Lucinda informed the FHA that she should not be held liable for the mortgage because she had transferred her interest in the home to

---

[1]According to the petition, the transfer of the home's ownership occurred without the knowledge, consent, or authorization of the FHA.

[2]See Civil Docket No. 92-1724 filed in the Fifteenth Judicial District Court in Lafayette Parish, Louisiana, entitled *U. S., Dep't of Agric., Farmers Home Admin. v. Landry*.

Mr. Landry in their community property settlement, she was told that because the transfer of home's ownership occurred without the knowledge, consent, or authorization of the FHA, she was still jointly liable with Mr. Landry for payment of the mortgage note. Negotiations ensued between Lucinda and the FHA, and the FHA agreed to dismiss the foreclosure suit without prejudice. According to the petition in the present case, it is alleged that Lucinda and Mr. Charles "repurchased the property back from the [FHA] via the form of a 'short sale'" and began cleaning and refurbishing the home.[3] Lucinda did not submit any evidence to substantiate her assertion that she "repurchased" the home. Indeed, Mr. Landry remained as the record owner of the immovable property.

In February of 2008, Mr. Landry sold the home to Curtis Viator (Mr. Viator) for $25,000. As a result, Lucinda brought this suit against Mr. Landry seeking damages for loss of use and ownership of the property; loss of money for the repurchasing, refurbishing, and maintaining of the property; fraudulent unilateral conveyance of the property; mental anguish and emotional distress; and embarrassment and humiliation. Mr. Landry answered the suit, claiming therein that Lucinda's petition failed to state a cause of action and that her claims against him were prescribed.

The matter was originally set for trial on March 30, 2009. At a pretrial conference on the morning of trial, the trial judge informed the parties that he believed that the case presented legal, rather that factual, issues. The matter was reset for April 27, 2009 for argument only, and the trial judge invited the parties to submit briefs regarding whether Lucinda's claims against Mr. Landry were prescribed and/or

---

[3] The record does include a copy of a motion to dismiss the foreclosure suit which FHA filed; however, the motion is silent as to the reason why FHA desired to dismiss its suit.

whether she could recover based on community property or acquisitive prescription laws, as well as any other relevant issues.

At the April 27, 2009 hearing, counsel for Lucinda conceded that, based upon applicable law, she could not and did not acquire the home through acquisitive prescription. Nevertheless, Lucinda claimed that she had acquired the home under the legal principle of abandonment; that is, she claimed that Mr. Landry had relinquished possession of the property with the intent of giving up ownership, and she had possessed the property with the intent to own it. Following the hearing, the trial court determined that Lucinda had paid off the FHA mortgage without having title to the home in 1992, thus giving her a claim against Mr. Landry, but that she simply waited too long to assert that claim in court. With regard to Lucinda's claim that she acquired the home due to Mr. Landry's having abandoned it when he could no longer afford to pay the mortgage, the trial court ruled that this claim, too, was untimely asserted against Mr. Landry, given the fact that he no longer owned the house at the time Lucinda filed suit against him. The trial court based this reasoning on the fact that, despite Lucinda's having satisfied the mortgage, Mr. Landry retained title to the home in 2008 and was thus free to sell it to Mr. Viator. Accordingly, the trial court granted Mr. Landry's exceptions of prescription and no cause of action, finding that title of the home had remained with Mr. Landry as a result of the community property settlement and that Lucinda's right to recover against Mr. Landry was time-barred.[4]

---

[4]The record contains two transcripts reflecting proceedings had on March 30, 2009. In the first transcript, beginning on page sixty of the record, the matter was reset to April 27, 2009. Accordingly, we have assumed, for purposes of this opinion, that the transcript beginning on page sixty-five of the record reflects the proceedings had on April 27, as opposed to March 30, 2009.

Lucinda now appeals, asserting in her sole assignment of error that the trial court erred when it granted Mr. Landry's exception of no cause of action because it failed to consider her arguments regarding abandonment under La.Civ.Code art. 3418.

**DISCUSSION**

From the outset, we observe that the tack Lucinda has taken in perfecting her appeal, by limiting her argument to an attack on the trial court's ruling on Mr. Landry's peremptory exception of no cause of action and choosing not to argue the correctness of the trial court's ruling with regard to the peremptory exception of prescription, poses a fundamental problem for appellate review. Because of the posture of this appeal, we must first determine whether we are presented with only a moot question.

An "[a]ppeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court." La.Code Civ.P. art. 2082. "An assignment of errors is not necessary in any appeal." La.Code Civ.P. art. 2129.[5] Correlatively, an "appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." La.Code Civ.P. art. 2164. Thus, an appeal generally presents to the appellate court all of the issues, claims, or defenses that were decided against the appellant by the trial court judgment.

Nevertheless, "[t]he Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." Uniform

---

[5]An exception to this statement is provided for when an appellant chooses to limit the issue(s) for the appellate court to decide by designating record portions and by stating the points relied upon. *See* La.Code Civ.P. arts. 2128, 2129.

Rules—Courts of Appeal, Rule 1–3. More particularly, the rules of the appellate courts further state, in part, that the "brief of the appellant or relator shall set forth . . . a specification or assignment of alleged errors relied upon, the issues presented for review, [and] an argument confined strictly to the issues of the case." Uniform Rules—Courts of Appeal, Rule 2–12.4. Based upon those rules, this court has repeatedly stated that it will not consider issues not contained in assignments of error. *See e.g.*, *Shay v. Creative Poolscapes and Gardens, LLC*, 09-256 (La.App. 3 Cir. 11/10/09), 25 So.3d 155; *Pomier v. Moreland*, 06-1117 (La.App. 3 Cir. 2/7/07), 951 So.2d 486; *Maricle v. Sunbelt Builders, Inc.*, 05-398 (La.App. 3 Cir. 11/2/05), 916 So.2d 1226, *writ denied*, 05-2506 (La. 3/31/06), 925 So.2d 1261.

Putting aside for the moment the question of whether an assignment of error is necessary to preserve appellate review of an issue,[6] Uniform Rules—Courts of Appeal, Rule 2–12.4 further provides that "[a]ll specifications or assignments of error must be briefed" and that the "court may consider as abandoned any specification or assignment of error which has not been briefed." Based upon that rule, this court has time and again stated that "[w]here a party advances no argument whatsoever for one of [its] alleged specific assignments of error, the court may consider that assignment of error abandoned." *Velazquez v. Landcoast Insulation, Inc.*, 08-804, p. 8 (La.App. 3 Cir. 12/10/08), 999 So.2d 318, 323, *writ denied*, 09-66 (La. 3/6/09), 3 So.3d 490. *See also*, *Friendship Hunting Club v. Lejeune*, 08-671 (La.App. 3 Cir. 12/10/08), 999 So.2d 216, *writ denied*, 09-79 (La. 3/13/09), 5 So.3d 121; *DeBaillon v. Consol.*

---

[6]For an interesting discussion of the seeming conflict between La.Code Civ.P. art. 2129 and the Uniform Rules—Courts of Appeal, see Judge Pro Tempore Culpepper's partial dissent in *Mayo v. Nissan Motor Corp. in U.S.A.*, 93-852 (La.App. 3 Cir. 6/22/94), 639 So.2d 773, *writs granted and remanded*, 94-1978, 94-1990 (La. 11/11/94), 644 So.2d 661.

*Operating Co., Inc.*, 07-1117 (La.App. 3 Cir. 1/30/08), 975 So.2d 682; *Smith v. Morris & Dickson*, 05-1120 (La.App. 3 Cir. 3/1/06), 924 So.2d 1217.

Notwithstanding Lucinda's failure to abide by Uniform Rules—Courts of Appeal, Rules 1–3 and 2–12.4, even should we find that the issue of prescription is properly before us, we are still faced with the fact that she failed to brief that issue. Under well-settled jurisprudence interpreting Uniform Rules—Courts of Appeal, Rule 2–12.4, we find Lucinda's failure to advance any argument whatsoever on the propriety of the trial court's granting of the peremptory exception of prescription constitutes an abandonment of that issue.

It is well settled that "[t]he function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La.Code Civ.P. art. 923. It is likewise well established that the peremptory exceptions of no cause of action and prescription are distinct pleas. *Succession of Thompson*, 186 So. 1 (La.1938). Moreover, the peremptory "exception of no cause of action can not be made to fill the place of an exception or plea of prescription." *Id*. at 3. Applying this body of law and Lucinda's abandonment of the prescription issue, we find that the portion of the trial court's judgment granting Mr. Landry's peremptory exception of prescription has become final. *See* La.Code Civ.P. art. 1841; La.Code Civ.P. art. 2087. As such, regardless of how we might assess Lucinda's argument about abandonment and the propriety of the trial court's granting of the peremptory exception of no cause of action, the peremptory exception of prescription defeats Lucinda's claim against Mr. Landry. Accordingly, we pretermit any discussion of Lucinda's assignment of error regarding abandonment and its basis for her attack against the trial court's

6

granting of Mr. Landry's peremptory exception of no cause of action. To do otherwise would require us to render an advisory opinion "from which no practical results can follow." *Wood v. Fontenot*, 04-1174, p. 4 (La.App. 3 Cir. 3/2/05), 896 So.2d 323, 326, *writ denied sub nom. City of New Iberia v. New Iberia Fire and Police Civil Serv. Bd.*, 05-801 (La. 5/13/05), 902 So.2d 1023.

**DECREE**

For the foregoing reasons, the appeal of Lucinda Charles is dismissed. All costs of this appeal are assessed to Lucinda Charles.

**APPEAL DISMISSED**.