HANS J. LILJEBERG, Judge.
|2On appeal, plaintiff, William Shiell, IV, appeals the trial court’s ruling granting defendants, Chuan Jen Tsai and Hua King Tsai’s exception of prescription. For the following reasons, we dismiss the appeal.

Facts & Procedural History

The following facts are alleged in brief. Defendants, Chuan Jen Tsai and Hua King Tsai (“the Tsais”), are husband and wife owners of immovable property located at 3100 17th Street in Metairie, Louisiana. The immovable property is both commercial and residential. The ground floor is equipped to serve as a restaurant with a full kitchen and dining area, and the second floor houses four, one-bedroom apartments.
[3] During the first half of 2011, the entire property was leased to Shi Fe Wu, the third defendant named in this suit, who *192 operated a restaurant at the premises and sublet the second floor apartments. On July 17, 2011, plaintiff, William Shiell, IV, purchased the restaurant from Shi Fe Wu and entered into, a commercial lease with the Tsais. Mr. Shiell additionally executed a promissory note in favor of the Tsais in the amount of $17,500.00 with Shi Fe Wu listed as a secondary maker of the note for the purpose of satisfying Shi Fe Wu’s obligation to the Tsais for past due rent.
In January 2012, Mr. Shiell ceased paying rent to the Tsais and notified the Tsais 'that the premises were in unsatisfactory condition. On July 27, 2012, the Tsais and Mr. Shiell executed a new lease modifying the terms of the previous lease. Mr Shiell thereafter paid rent through the end of 2012. Mr. Shiell did not pay rent in January or February 2013 and was subsequently evicted from the premises.
In response, on February 26, 2013, Mr. Shiell filed a petition for damages naming the Tsais and Shi Fe Wu as defendants seeking rescission of the leases, or in the alternative, “that a diminution of the price attended thereto be decreed,” and that he be awarded $500,880.86, together with legal interest and court costs.
The Tsais and Shi Fe Wu subsequently filed peremptory exceptions of no cause of action and prescription and dilatory exceptions of vagueness. The trial court heard and granted the exceptions on May 20, 2013. The trial court issued judgments granting the exceptions and dismissing the matter on June 11, 2013, and September 16, 2013, as to Shi Fe Wu and the Tsais, respectively. On November 15, 2013, the trial court denied Mr. Shiell’s motion for new trial.[1] Also on that |4date, the trial court granted Mr. Shiell’s motion for appeal seeking review of the trial court’s judgments of September 16, 2013, and November 15, 2013.

Discussion

At the outset, we raise on our own motion the question of the mootness of this appeal.[2] On appeal, Mr. Shiell limits his attack to the trial court’s ruling on the Tsais’ exception of prescription only and does not attack the propriety of the trial court’s ruling with regard to the Tsais’ exception of no cause of action.[4]
“The function of the peremptory exception is to have the plaintiffs action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.” La. C.C.P. art. 923; Charles v. Landry, 09-1161 (La.App. 3 Cir. 3/10/10), 32 So.3d 1164, 1168. Peremptory exceptions of no cause of action and prescription are distinct pleas. Id. Based upon these legal *193 precepts and Mr. Shiell’s failure to seek review of the trial court’s ruling on the exception of no cause of action, we find that the portion of the trial court’s judgment granting the Tsais’ peremptory exception of no cause of action has become final. See La. C.C.P. art. 1841; La. C.C.P. art. 2087.
As such, regardless of how we might decide Mr. Shiell’s appeal of the trial court’s granting of the peremptory exception of prescription, the peremptory exception of no cause of action remains to defeat Mr. Shiell’s action against the Tsais. We therefore pretermit any discussion or review of Mr. Shiell’s assignments of error regarding the trial court’s granting of the Tsais’ peremptory |fiexception of prescription. To do otherwise would require us to render an advisory opinion “from which no practical results can follow.” Charles, supra, citing Wood v. Fontenot, 04-1174 (La. App. 8 Cir. 3/2/05), 896 So.2d 328, 326, writ denied sub nom. City of New Iberia v. New Iberia Fire and Police Civil Serv. Bd„ 05-801 (La.5/13/05), 902 So.2d 1023; State in Interest of C.W., 97-1229 (La.App. 5 Cir. 4/13/98), 712 So.2d 245; McChesney v. Penn, 29,776 (La.App. 2 Cir. 8/20/97), 698 So.2d 705.
Accordingly, the appeal is dismissed and all costs are assessed against Mr. Shiell.

Cross-Appeal

On cross-appeal, the Tsais and Shi Fei Wu request that this Court award attorney’s fees incurred by the parties in defending Mr. Shiell’s frivolous appeal pursuant to La. C.C.P. art. 2164. Article 2164 is penal in nature and must be strictly construed. Hughes v. Fabio, 07-1008 (La.App. 5 Cir. 3/25/08), 983 So.2d 946. Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be allowed. Hampton v. Greenfield, 618 So.2d 859, 862 (La.1993). Damages for frivolous appeal are only allowed when it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious. Id. Here, we do not find that Mr. Shiell appealed the trial court’s judgment solely for delay, nor do we find that'Mr. Shiell was insincere in advocating his legal arguments. Accordingly, we find that damages for frivolous appeal under La. C.C.P. art. 2164 are not warranted in the present case.

IsDecree

Considering the foregoing, the appeal of William Shiell, IV is dismissed. All costs are assessed against William Shiell, IV. Requests for attorney’s fees are denied.

APPEAL DISMISSED; COSTS ASSESSED AGAINST APPELLANT; REQUESTS FOR ATTORNEY’S FEES DENIED.

. In the same judgment, the trial court additionally granted Shi Fe Wu's exception of prematurity to the Tsais' cross-claim.

. In the practice of judicial economy we have the duty to consider the possibility that a case has become moot. Upper Audubon Ass’n v. Audubon Park Commission, 329 So.2d 209, 211 (La.App. 4th Cir. 1976).

. Mr. Shiell did not appeal from the June 11, 2013 judgment granting Shi Fe Wu's exceptions of no cause of action, prescription, and vagueness.

. We note that Mr. Shiell, although setting forth an assignment of error, merely references that "the trial court failed to act upon Appellant’s Motion to Quash filed on May 23, 2013,” without further elaborating or briefing the issue. Additionally in that assignment of error, Mr. Shiell references the trial court’s November 15, 2013 ruling dismissing the Tsais' cross-claim against Shi Fe Wu without any further briefing. Mr. Shiell's failure to advance any argument or law as to this assignment of error constitutes an abandonment of these issues. See Uniform Rules— Courts of Appeal, Rule 2-12.4; Succession of Horn, 02-430 (La.App. 5 Cir. 9/30/02), 827 So.2d 1241, 1247; Adams v. Marathon Oil Co., 96-693 (La.App. 5 Cir. 1/15/97), 688 So.2d 75, 76.